## School District No. 1, Hamilton County, Kansas, v. Joseph Herr.

### No. 224.

Statute of Limitations—*petition showing that the action is barred by, demurrer should be sustained.* Where a petition shows upon its face that the cause of action set out therein is barred by the Statute of Limitations, and there are no allegations in the petition showing that the cause of action is not so barred, *held*, that a demurrer to such a petition should be sustained.

Error from Hamilton District Court. Hon. A. J. Abbott, Judge. Opinion filed September 15, 1897. *Reversed.*

*U. T. Tapscott* and *H. F. Mason*, for plaintiff in error. *Milton Brown*, for defendant in error.

Dennison, P. J. This action was brought in the District Court of Hamilton County, Kansas, by Joseph Herr to recover a judgment against the School District upon several warrants which had been issued by the District to one Anna L. Hammond, and a warrant issued to T. D. Hammond, and transferred by them to said Herr.

The action was tried by the court without a jury, judgment was rendered in favor of the plaintiff, and the School District brings the case here for review.

The material errors complained of may all be argued and decided upon the demurrer filed by the District to the plaintiff's petition, and are all centered in one question; and that is, Does the petition state facts sufficient to constitute a cause of action in favor of the plaintiff below and against the School District?

The warrants attached to the petition as exhibits are very similar, and one of them reads as follows :

"OFFICE OF SCHOOL DISTRICT CLERK.

Name of Treasurer, JOE H. BORDERS.   P. O. address, Coolidge.

"OCTOBER 28, 1887.—Treasurer of School District No. 1, County of Hamilton, State of Kansas : Pay to Anna L. Hammond or order the sum of eighty $\frac{00}{100}$ dollars, for teacher's salary from October 3 to October 28, out of any funds in your possession raised or appropriated for such purpose.

R. C. DRYDEN, *District Clerk.*

F. H. POMEROY, *Director.*"

The warrants were issued during the period between October 28, 1887, and June 10, 1888. All except one were presented to the treasurer for payment on May 22, 1888, and the other one was presented June 12, 1888. On the dates they were presented for payment, the treasurer indorsed on them, "Not paid for want of funds." This action was commenced on September 1, 1894.

The plaintiff in error contends that the cause of action accrued when the warrants were issued, or at least when they were presented and not paid for want of funds, and that therefore the statute began to run on at least May 22 and June 12, 1888.

The defendant in error contends that the cause of action does not accrue until the District has funds with which to pay the warrants, or until sufficient time has elapsed so that they might have levied and collected a tax for that purpose.

The defendant in error also contends that the warrants should have been registered, advertised, and paid in the order of their presentation, as required by the Act of 1887.

It is entirely immaterial, so far as the demurrer to the petition in this case is concerned, which conten-

SCHOOL DISTRICT v. HERR.          863

Sept. 15, 1897.      Opinion.   Dennison, P. J.      W. Div.

tion is adopted as the law in Kansas.  If the cause of
action accrued either when the warrants were issued
or when they were presented and not paid for want of
funds, then more than five years had elapsed before
the commencement of the action.

If the cause of action accrues when the district has
funds with which to pay the warrants, then there is
no allegation in the petition that the District has at
any time had funds on hand sufficient to pay any of
said warrants.  If the cause of action accrues when
the warrants are registered and advertised, then there
is no allegation in the petition that the warrants have
been registered or advertised.  If we adopt either of
these theories, such allegations are essential to show
that a cause of action has accrued upon the warrants
prior to the commencement of the action.

This action was commenced on September 1, 1894.
The warrants were all issued and presented for pay-
ment on and prior to June 12, 1888.  The exhibits to
the petition were, therefore, upon their face, barred by
the five-year Statute of Limitations.  There is no
allegation in the petition that they are not so barred ;
this is necessary.

Adopting any view suggested by the defendant in
error, we are unable to determine that the petition
states facts sufficient to constitute a cause of action
against the School District.

We might go further, and say that, if we adopt any
theory suggested by the defendant in error, we are
unable to say, from either the pleadings, the evidence,
or his brief, whether a cause of action has yet accrued
upon the warrants, and if so, when.

The defendant lays great stress upon the fact, dis-
closed during the trial by admissions and the evi-
dence, that the School District paid other warrants

given for the wages of these same teachers, and also that letters had been written by individual members of the board saying that the District would pay as soon as it could. These matters cannot be considered upon a demurrer to the petition.

The judgment of the District Court is reversed, and the case remanded with instruction to sustain the demurrer of the defendant below to the petition of the plaintiff below.