## MISSOURI, K. & T. RY. CO. v. WILCOX.

No. 1560. Opinion Filed February 6, 1912.

(121 Pac. 656.)

1.  **LIMITATION OF ACTIONS—Action for Killing Animals.** An action for damages for the wrongful killing of domestic animals, even though it is charged that the killing was "willful or by gross negligence, in disregard of humanity," comes within the provisions of the third subdivision of section 5550, Comp. Laws 1909, as "an action for taking, detaining, or injuring personal property," and "an action for injury to the rights of another, not arising on contract," and must be brought within two years after the cause of action arose.

2.  **SAME—Pleading—Demurrer—Bar of Limitation.** Where a petition shows on its face that the cause of action set out therein is barred by the statute of limitations, or there are no allegations in the petition showing that the cause of action is not barred, a demurrer to such petition should be sustained and it is error to overrule the same.

(Syllabus by Robertson, C.)

*Error from Osage County Court;*
*C. T. Bennett, Judge.*

Action by Harvey Wilcox against the Missouri, Kansas & Texas Railway Company. Judgment for plaintiff, and defendant brings error. Reversed, and cause dismissed.

*Clifford L. Jackson, W. R. Allen,* and *M. D. Green,* for plaintiff in error.

*Boone, Leahy & MacDonald,* for defendant in error.

Opinion by ROBERTSON, C. On May 20, 1908, defendant in error, who was plaintiff below, brought suit in the county court of Osage county to recover $300 as damages for the loss of two horses, killed by the train of plaintiff in error, who was defendant below, and for the further sum of $300 as exemplary damages. The petition charges that the horses were killed in November, 1905, and that "the said agents, servants, and employees of the defendant, without attempting to slow down said engine and train of cars so as to prevent collision with said horses, carelessly, recklessly, and willfully, and with gross negligence, and in disregard of humanity, ran its engine and cars at and against said horses, just as they were jumping across said cattle guard, on said track, killing them instantly." The railway company interposed a general demurrer to the petition, which was overruled by the court over the objections of plaintiff in error. Thereafter the railway company filed its answer, which, besides a general denial, contained the following:

"Further answering, defendant states that plaintiff is now barred from maintaining this action for the reason that same is barred by the statute of limitations."

An objection was also made to the introduction of testimony under the petition for the same reason, and, after the evidence was all in, a motion was made by the railway company to direct a verdict for the reason that the evidence showed that plaintiff was not entitled to recover under the allegations of the petition. The cause was tried to a jury and resulted in a verdict for plaintiff in the sum of $300 compensatory damages and $150 exemplary damages. Motion for new trial was filed, overruled, and exceptions taken, and the railway company prosecutes this appeal to reverse said judgment.

The only question relied upon in this case is that the claim for damages was barred by the statute of limitations. Counsel

for plaintiff in error contends that the limitation applicable to this character of claim is covered by subdivision 3 of section 5550, Comp. Laws 1909, which reads as follows:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards: *   *   * Third. Within two years: An action for a trespass upon real property; *an action for taking, detaining or injuring personal property* including actions for the specific recovery of personal property; *an action for injury to the rights of another not arising on contract, and not hereinafter enumerated;* and action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud." (Italics ours.)

Defendant in error contends that this action was brought under the provisions of section 2914, Comp. Laws 1909, which reads as follows:

"For wrongful injury to animals, being subject of property, committed willfully, or by gross negligence in disregard of humanity, exemplary damages may be given,"

—and that this not being an ordinary action for injury to personal property, or the rights of another arising on contract, does not fall within the two years statute of limitations, but under subdivision 6 of section 5550, *supra,* which reads as follows:

"An action for relief not heretofore provided for can only be brought within five years after the cause of action shall have accrued."

With this contention we do not agree. This action comes clearly within, and is governed by, the provisions of subdivision 3 of section 5550, *supra;* especially do those clauses in said section, which read as follows: *"Taking, detaining or injuring personal property,"* and *"injury to the rights of another not arising on contract"* (Italics ours)—apply to this case. That this was an action coming clearly within the above provision, we do not think there can be serious doubt.

Then, was the plea of the statute of limitations properly raised by the railway company? It will be remembered that plaintiff in error urged a general demurrer to the sufficiency of

the petition. The petition clearly shows on its face that more than two years had elapsed from the date the horses were killed until the filing of the suit. There is no allegation in the petition which takes, or attempts to take, the cause out of the operation of the statute of limitations, and when the petition shows clearly on its face, as this one does, that the statute of limitations had run against the cause of action, it was the duty of the court to sustain the demurrer, especially when no objection to the sufficiency of the plea was made by plaintiff in the court below. See *Young v. Whittenhall,* 15 Kan. 580. In *School Dist. No. 1 of Hamilton County v. Herr,* 6 Kan. App. 861, 50 Pac. 101, it is said:

"Where the exhibits, attached to a petition, show upon their face that the cause of action set out therein is barred by the statute of limitations, or there are no allegations in the petition showing that the cause of action is not barred, demurrer to such petition should be sustained."

In *City of Phillipsburg v. Kincaid,* 6 Kan. App. 377, 50 Pac. 1093, the court says:

"The only question in this case is, Does the petition state facts sufficient to constitute a cause of action against said defendant below, the plaintiff in error? This action was brought to recover damages for taking and detaining personal property. The petition alleges that the property was taken November 15, 1891. This action was commenced in the court below July 5, 1895. There is nothing stated in the petition sufficient to take the cause out of the operation of the statute of limitation, and, under the provisions of paragraph 4095, Gen. St. 1889, the demurrer thereto should have been sustained."

It is unnecessary to pursue this subject further, except to say that the plaintiff in error not only raised the plea of the statute of limitations by a demurrer, but also raised it by answer, and again by objection to the introduction of testimony under the petition, and later by a motion to direct a verdict, urging, as reasons for all, the insufficiency of the petition, for that it appeared on its face that the statute of limitations had run against the alleged cause of action. All these objections were overruled by the court, and exceptions were taken by plain-

tiff in error to such rulings, but, having reached the conclusion above indicated, it will be unnecessary to give further consideration to them. Counsel for the defendant in error objects to the sufficiency of the plea of the bar of the statute of limitations, as raised by the demurrer and the answer, in that conclusions of law are pleaded, and not the facts constituting the bar. As a general rule the plea of the statute of limitations should be explicit and special, and the facts constituting the bar should be set out with particularity in order to apprise the opposite party of the facts relied upon by the pleader. The manner of raising the plea of the bar of the statute of limitations in this case was, without doubt, objectionable, and, had the attention of the court below been called to this insufficiency of the plea, the objection would doubtless have resulted in a ruling sustaining such objection and an amendment to the plea. However, no one was misled by the failure of the plaintiff in error to specifically point out the facts relied upon as constituting the bar, as the record in this case discloses. All parties understood clearly what was intended, and were in no wise deceived by the defect complained of, and, inasmuch as defendant in error made no objection to the insufficiency of the plea in the court below, he will be deemed to have waived the same and will not, under the circumstances of this case, be permitted to raise it in this court for the first time.

For the error of the court in not sustaining the plea of the statute of limitations as hereinabove set out, the judgment of the county court of Osage county should be reversed, and the cause dismissed.

By the Court: It is so ordered.