## CROSSAN v. COOPER.

No. 3109.    Opinion Filed December 23, 1913.

(137 Pac. 354.)

1.  **JUDGMENT—Default—Pleading.** There can be no judgment by default where there is on file an answer or other pleading raising an issue of law or fact.

2.  **SAME.** Before a default judgment can be properly entered, the answer or other plea must be disposed of in an orderly way by motion, demurrer, or in some other manner.

3.  **SAME—Limitations.** A petition, to recover on a foreign judgment, on its face, clearly showed that the cause of action therein set out was barred by the statute of limitations; an answer was filed specifically setting up the bar of the statute, which answer was not attacked by demurrer or motion; the court, on motion of plaintiff, in the absence of defendant and his counsel, entered a purported default judgment, and trial without a jury was had on the petition and answer; the only evidence introduced was certified copies of the petition, answer, reply, and judgment of the original trial court. **Held,** the defense of the statute of limitations, being well pleaded, and properly before the court, should have been by the court sustained, and there being no competent evidence before the court sustaining the purported cause of action, and the defense pleaded being full and sufficient, the court committed reversible error in entering judgment for plaintiff.

(Syllabus by Robertson, C.)

*Error from Superior Court, Pottawatomie County;*
*Geo. C. Abernathy, Judge.*

Action by William Cooper against W. B. Crossan. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*P. O. Cassidy,* for plaintiff in error.

*E. E. Hood* and *Lydick & Eggerman,* for defendant in error.

Opinion by ROBERTSON, C. This was an action on a foreign judgment rendered against W. B. Crossan in the district court of Miami county, Kan., on June 8, 1908, in the sum of $1,000 and interest, in favor of Wm. Cooper, who on September

24, 1910, filed his petition in the superior court of Pottawatomie county and sought thereby to recover on, and keep alive, the said judgment in this state. The petition is in the usual form and has attached thereto and made a part thereof the petition, answer, reply, and judgment of the district court, the opinion and judgment of the Supreme Court of Kansas affirming the decision of the district court, together with an opinion and judgment of the Supreme Court of Kansas denying a rehearing, together with the mandate, all of which were attached to said petition as exhibits and certified to by the clerk of the district court of Miami county, Kan. Crossan answered, first, by general denial; second, by a plea of the statute of limitations in the following language:

"As a second and further defense to the cause of action of plaintiff, the defendant alleges: That he has been an actual and *bona fide* resident of Pottawatomie county, state of Oklahoma, for more than eight years last past, and is now a resident in good faith of said county and state, and that said residence has been actual and continuous. That the said cause of action as set out and alleged in the petition of plaintiff did not accrue to said plaintiff at any time within one year before the commencement of this suit, and that said cause of action is barred by the statute of limitations in such cases made and provided."

This answer was filed January 21, 1911. On April 19, 1911, the case being reached for trial, and neither the defendant nor his attorney appearing, it was ordered that the defendant be adjudged in default, and, the plaintiff waiving a jury, trial was had to the court; evidence was introduced, and a judgment in favor of plaintiff and against the defendant was entered in the sum of $1,324.20. On the same day the defendant filed his motion to set aside the judgment, alleging that default should not have been adjudged for the reason that defendant had answered in due time, and the said answer alleged that the cause of action stated in the petition was barred by the statute of limitations, which allegations were not denied by reply, or in any other manner, by the plaintiff, and that the petition shows on its face that the suit was on a foreign judgment obtained June 8, 1908, and that this action was not filed until December 24, 1910. The affidavit supporting the motion to set aside the default was made

by P. O. Cassidy, who was attorney for defendant, and alleges that he had full and sole charge of the suit; that he filed the answer in due time; that no reply had ever been filed by plaintiff thereto; that the trial of the cause had been regularly set by the court for April 17, 1911; that he had been in court on the morning of April 17, 1911, and was informed by the court that the assignment was behind and that the cause would not likely be reached before the last of the week; the said attorney was in court on the morning of the 18th of April and was again informed that the assignment was still behind; that he went again on the 19th and was informed by some attorney who was then trying a case that the trial then before the court would take most of the day; and that said P. O. Cassidy caused the defendant Crossan to go to the courtroom about three o'clock p. m. on the 19th to ascertain the probability of the cause coming to trial on that day; and that said Crossan returned and reported that judgment by default had just been taken. A copy of the motion to set aside the default, together with the affidavit in support thereof, was served on plaintiff April 19, 1911, at five o'clock p. m. A motion for a new trial was filed in due time and alleged, among other things: (1) That the court erred in adjudging the defendant in default, his answer being on file. (2) Defendant and his counsel were absent from the courtroom, at the time the judgment was taken, by accident and excusable neglect. (3) Irregularities in the proceedings of the court by which defendant was prevented from having a fair trial: (a) Adjudging defendant in default when he had an answer on file which pleaded an affirmative defense; no reply having been filed thereto. (b) The petition is fatally defective and will not support a judgment; it shows on its face the cause was barred by the statute of limitations. (c) Judgment is not supported or proved by competent evidence. (d) Defendant had a valid and legal defense stated in his answer, which was not controverted by plaintiff. (e) The cause could not be tried without a jury; the same not being waived by defendant. (4) The judgment is not supported by competent evidence. (5) The judgment is contrary to law.

This motion, as well as a motion for new trial, was, after due consideration by the court, overruled, and the defendant brings this cause here to reverse said order. At the threshold, we are met with a motion to strike the case-made and brief from the files of this court and to dismiss, the appeal, there being many reasons assigned for such action, the first being that the said case-made was not made and served in the time provided by law. In support of this reason, it is urged that the defendant was not given 60 days in which to make and serve the case-made, but that the language of the court found on page 26 of the case-made is that the defendant serve his case-made within 60 days, and that it does not specifically give the defendant 60 days in which to prepare it, it merely providing that it shall be served at some time within the 60 days; that it does not undertake to extend the time for making the case-made for any definite period; and that therefore the case-made should have been made and served within three days from the rendition of the final order. This is not a fair interpretation of the language of the court. Even a casual reading of the record shows that it was the intent of the court, fully understood by the parties, that the defendant was given 60 days in which to make and serve a case-made on the plaintiff for appeal to the Supreme Court, and the rule laid down in *Springfield Fire & Marine Ins. Co. v. Gish,* 23 Okla. 824, 102 Pac. 708, does not apply or govern under the facts of this case.

The second and third ground for dismissal is that the defendant has failed to comply with rules 20 and 25 of this court (38 Okla. ix and x), in that defendant has failed to separately set forth and number the argument, and authorities in support of the point in his assignment of error, etc. There is some merit to this objection, but the discrepancy and shortcoming of the brief of the defendant is not of such magnitude or degree as would warrant us in dismissing the appeal under this ground of the motion.

The fourth reason is that the case-made affirmatively shows on its face that it does not contain all the evidence. In this, counsel for plaintiff are evidently mistaken, and undoubtedly have

overlooked the averment of the case-made by way of recital, found on page 26, that "the foregoing contains a true and correct statement of the pleadings, motions, orders, evidence, findings and proceedings, upon which judgment was rendered." While this certificate might have been more full and complete, yet to our mind it is sufficient under the statute and holdings of this court.

The last ground urged is for failure to comply with rule 25, *supra,* wherein it is ·provided that the brief of the plaintiff in error shall contain a statement of facts. There is no merit in this allegation. The brief of defendant, on pages 2, 3, 4, 5, 6, 7, and 8, contains a full and correct abstract and statement of the facts of this case, and, while it is not labeled "Statement of Facts," yet it is a statement as fully and completely as though it was so labeled.

This brings us to the consideration of the case on its merits. The judgment by default was erroneously entered. There can be no judgment by default where there is on file an answer or other pleading of defendant raising an issue of law or fact. Before a default judgment can be properly entered, the answer or other plea must be disposed of in an orderly way by motion, demurrer, or in some other manner.' 23 Cyc. 750. In this case there was an answer, filed in due time, consisting of a general denial, and, in addition, specifically challenging the sufficiency of the allegations of the petition by showing that the statute of limitations had run against the alleged cause of action prior to the time the action was instituted. Such pleas are in no wise inconsistent, and the judgment by ·default was improvidently entered, and no possible advantage could accrue thereunder to the plaintiff, nor could any detriment result therefrom to defendant.

But, without doubt, under the showing made in the record before us, plaintiff was entitled to proceed with the trial, even in the absence of defendant or his attorney. There is nothing in the record that warrants any other conclusion, and the entering of the purported default against defendant was of no consequence one way or the other.

This brings us to the consideration of the grounds laid in the motion for a new trial. We will consider them all together. The petition on its face shows that the judgment sued on was rendered in the district court of Miami county, Kan., on June 8, 1908; that suit thereon was filed in the superior court of Pottawatomie county, Okla., on December 28, 1910, two years, six months, and twenty days subsequent to the rendition of the judgment in the Kansas court. The judgment was not stayed by supersedeas or otherwise, so far as this record shows. Even though a valid default judgment had been entered against defendant, the judgment cannot be sustained unless the petition, upon which it is based, states a cause of action and contains all those averments necessary to show plaintiff's right of recovery. If the petition shows on its face that the right to sue on the judgment was barred by the statute of limitations, a general demurrer would be sufficient to call the attention of the court thereto. In *M., K. & T. Ry. Co. v. Wilcox*, 32 Okla. 51, 121 Pac. 656, it was said:

"The petition clearly shows on its face that more than two years had elapsed from the date the horses were killed until the filing of the suit. There is no allegation in the petition which takes, or attempts to take, the cause out of the operation of the statute of limitations, and when the petition shows clearly on its face, as this one does, that the statute of limitations had run against the cause of action, it was the duty of the court to sustain the demurrer, especially when no objection to the sufficiency of the plea was made by plaintiff in the court below."

See, also, *Young v. Whittenhall*, 15 Kan. 580; *School Dist. No. 1, Hamilton Co., v. Herr*, 6 Kan. App. 861, 50 Pac. 101.

In *City of Phillipsburg v. Kincaid*, 6 Kan. App. 377, 50 Pac. 1093, it was said:

"The only question in the case is: Does the petition state facts sufficient to constitute a cause of action against said defendant below, the plaintiff in error? The action was brought to recover damages for taking and detaining personal property. The petition alleges that the property was taken November 15, 1891. This action was commenced in the court below July 5, 1895. *There is nothing stated in the petition sufficient to take the cause out of the operation of the statute of limitations* (italics

ours), and, under the provisions of paragraph 4095, Gen. St. 1895, the demurrer thereto should have been sustained."

While there was no demurrer filed against the petition, yet under the circumstances of the case the answer, specifically setting up the plea of the statute of limitations, was the equivalent thereof and should have been so treated by the court. The answer being on file and no motion made to strike it or properly dispose of it in any other manner, it became and was the duty of the court to scrutinize the allegations of the petition closely, and if the same were insufficient to entitle the plaintiff to the relief sought, or to sustain a judgment, it should have been so found by the court, and the relief sought denied, and, even though the court failed to so scrutinize the petition, it became and was its duty to weigh the evidence introduced under and in support of it, and, if there was no competent evidence reasonably tending to warrant the relief sought, the same should have been denied. Counsel for plaintiff ingeniously urge that there is nothing in the answer to show that defendant was ever present in the state of Oklahoma, and that therefore the plea of the statute of limitations is not open to him. The answer alleges that "he has been an actual and *bona fide* resident of Pottawatomie county, state of Oklahoma, for more than eight years last past and is now a resident in good faith of said county and state, and that said residence has been actual and continued." This, giving it the meaning ordinarily given to language, is a sufficient allegation of residence to sustain the plea as offered, and, in the absence of motion to make more definite and certain or a denial of any sort by plaintiff, it is sufficient. Indeed, under the ordinary rules of pleading, it stands admitted in this case.

The only evidence introduced in support of the petition was copies of the record from the Kansas court. Without considering the competency of these copies, which is properly challenged by defendant in his brief (and which to us appears to be well taken), it is sufficient to say that, in view of the answer and its plea of the statute of limitations on file and properly before the court, and also in view of the fact that the petition is barren of any plea of exception to the statute of limitations, the judgment is

absolutely void for want of any competent testimony to support the same.

Therefore the court erred in overruling defendant's motion for a new trial, and the judgment should be reversed, and the cause remanded for further proceedings not inconsistent with the views herein expressed.

By the Court: It is so ordered.