C. A. H. McCAULEY, Appellant, v. JOHN Q. LEA-
VITT, CYNTHIA LEAVITT, FRED J. KEISEL
and JULIE KEISEL, Respondents.

1. Promissory Note.—Place of Payment.—Interest and Costs
after Maturity.—Where a promissory note is made payable
at a certain place, the maker, in order to avoid costs and
interest, must deposit or make a valid tender of the full
amount of the note and interest at that place, though the note
is not there.

2. Id.—Id.—Mortgage Lien.—Due Diligence.—Valid Tender.—
2 Comp. Laws 1888, § 2851, provides: "A negotiable instru-
ment which does not specify a place of payment is payable
at the residence or place of business of the maker, or where-
ever he may be found." A promissory note secured by mort-
gage on real estate is made payable at a certain place. The
maker sells the real estate subject to the mortgage. Both the
payee and the note are out of the territory and the record of
the mortgage does not show the terms of the note, and the
purchaser is unacquainted with them, but uses due diligence
to find both payee and note on the day of maturity but is
unable to do so, and was ready, willing and able to pay the
note when due. Held, that the purchaser in order to release
the land from the lien of the mortgage, with costs and inter-
est after maturity, should have made a valid tender at the
place of business or residence of the maker.

(No. 439. Decided June 4, 1894. 37 P. R. 164.)

Appeal from the district court of the fourth judicial
district, Hon. James A. Miner, *Judge.*

Action by C. A. H. McCauley against John Q. Leavitt,
*et al.,* to foreclose a mortgage on real estate. From the
judgment for plaintiff for the principal sum and interest
to the day of maturity, but refusing to allow interest to
the day of trial and attorneys' fees provided in the note,
he appeals. *Reversed.*

*Messrs. Evans & Rogers,* for appellant.

The note was payable at the First National Bank of Ogden, Utah. Respondents' obligation was to be ready and willing to pay at that place. Not having done so, default occurred, and never having before the commencement of the suit offered to pay the actual amount due, appellant was entitled to have the contract contained in the note, fully performed, to receive the interest then due and have allowed him a reasonable sum as costs of collection or attorneys' fee and costs of suit. Edwards on Bills and Notes, par. 663-4, and cases cited in note 4; *Washington* v. *Bank,* 1 How. (Miss.) 230; S. C. 28 Am. Dec. 333; *Wallace* v. *McConnell,* 13 Peters, 136; *Reeve* v. *Peck,* 6 Mich. 239; *Montgomery* v. *Tufts,* 11 Cal. 307, 317; *Walcott* v. *VanSantvoord,* 17 Johns. 248; *Foden* v. *Sharp,* 4 Johns. 183; *Caldwell* v. *Cassady,* 8 Cowen, 271; *Hills* v. *Place,* 48 N. Y. 520; *Howard* v. *Boorman,* 17 Wis. 479; *Ruggles* v. *Patton,* 8 Mass. 480; *Weed* v. *Van Houten,* 4 Hal. 189; *Eastman* v. *Fifield,* 3 N. H. 333; *McNairy* v. *Bell,* 1 Yerger, 502; *Bank of U. S.* v. *Smith,* 11 Wheat. 171; *Haxton* v. *Bishop,* 3 Wend. 13; *Brabston* v. *Gibson,* 9 How. 263; *Brown* v. *Pratt,* 2 Cranch. (C. C.) 253; *Beverly* v. *Beverly,* 2 Cranch. (C. C.) 470; *Bank of U. S.* v. *Bussard,* 3 Cranch. (C. C.) 173.

*Mr. A. R. Heywood* and *Mr. V. Gideon,* for respondents.

According to Keisel's information, the note contained no place of payment, and therefore it was his duty to seek the payee to make a tender, but he was not bound to seek him beyond the limits of the territory. 2 Jones on Mort. § 897; *Gill* v. *Bradley,* 21 Minn. 16. When a mortgagee has removed from the state and left no one within it to receive the interest and installments as they become due, the mortgagor is relieved from any obligation to make a

tender. *Haubie* v. *Volkening*, 49 How. Pr. 169; *Hale* v. *Patton*, 60 N. Y. 233; *Southworth* v. *Smith*, 7 Cush. 391. The record of the mortgage did not show the terms of the note. "The rights conveyed by a conveyance are as to subsequent purchasers without notice to be determined by the instrument itself as recorded and not by facts *in pais* or other instrument not recorded." *Disque* v. *Wright*, 49 Ia. 541.

BARTCH, J.:

This is an action to foreclose a mortgage on real estate, given as security for the payment of a note. As appears from the record, John Q. Leavitt and Cynthia Leavitt, his wife, made and delivered to the plaintiff, on the 13th of April, 1889, a promissory note for $1,200, due in six months after date. This note was, by its terms, payable in United States gold coin, at the First National Bank of Ogden, Utah, and contained a provision for 10 per cent. additional, for collection, in case the note was not paid at maturity. The note was secured by mortgage on real estate, and the mortgage was placed on record. Afterwards, on August 13, 1889, Fred J. Keisel purchased the land, subject to the mortgage, but had no opportunity to examine the note itself; and the copy of the note, as it appeared from the record of the mortgage, designated no place of payment, nor did it contain the clause for payment in United States gold coin, or for the 10 per cent. additional for cost of collection. It also appears that the payee of the note was absent from the territory at the time of maturity, and until suit was brought. Keisel was able and ready to pay the note at maturity, and, it appears, used reasonable diligence to ascertain the where-abouts of the payee and the note, but was unable to do so. About six months after maturity he went to the bank, taking with him $1,272, amount of the principal and

interest, to date of maturity, intending to pay the note, but upon inquiry found it was not there, and then made no tender; nor did he make a tender at the place of residence of the maker. On this state of facts and circumstances the court rendered judgment against the defendants John Q. Leavitt and Cynthia Leavitt for $1,200 and interest thereon to the date of the maturity of the note, and the plaintiff appealed from the judgment.

The first material question to be determined is whether under the circumstances of this case, the defendants, as is contended by their counsel, were excused from making a tender of the money at maturity, and, therefore, exempt from the payment of interest after maturity, and from costs of collection. The note was, by its terms, payable at the First National Bank of Ogden, and the makers must be held to have knowledge of the contents of the instrument. The place of payment was a matter of arrangement between the makers and payee for their mutual accommodation. The payee did not agree to have the note at the bank on the date of maturity, but simply that it should be payable there. Hence the mere failure to present it for payment there on the date of maturity did not exonerate the makers from their promise to pay according to the terms of the note. Nor would it prevent the payee from recovering his interest and costs, in the absence of a readiness on the part of the makers, at the time and place appointed, to pay the note. If on or before the day of maturity the makers would have deposited the money with the bank for the payment of the note in full on presentation, or if, on the day of maturity, they had called at the bank, and made a valid tender of the money, and demanded the note, then such deposit or tender, if it had been kept good, would have prevented the payee from recovering interest after maturity, as well as costs of suit. There being no such deposit or tender,

and no valid tender after maturity, the payee was entitled to recover, in accordance with the terms of the contract, the amount due on the note at the time of the suit. Story, Prom. Notes, § 228; *Hills* v. *Place,* 48 N. Y. 520; *Wallace* v. *McConnell,* 13 Pet. 136; *Washington* v. *Bank,* 1 How. (Miss.) 230.

Counsel for respondent insists that defendant Keisel, who purchased the land, subject to the mortgage given in security for the payment of the note, never having seen the note itself until about the time suit was brought, is only bound by the terms of the note as it appeared of record. Conceding that Keisel was ready, able, and willing to pay on the day of maturity, and that he made diligent inquiry, and put forth all reasonable efforts to ascertain the whereabouts of the payee and of the note, and considering the fact that the description of the note in the mortgage contained no place of payment, still the position insisted upon cannot be maintained, because, being unable to find the payee, and not knowing the place of payment, it was his duty, in order to stop interest and avoid costs, to make a tender at the places of business or residences of the makers. This follows from a provision of our statute found in section 2851, Comp. Laws 1888, which reads: "A negotiable instrument which does not specify a place of payment, is payable at the residence or place of business of the maker, or wherever he may be found." It is clear that the efforts which Keisel made to pay the note at maturity, though made in good faith, were not sufficient to excuse him from making a tender to the makers in the absence of the payee from the territory, and to release him from his liability, under the terms of the contract, as to the interest and cost of collection. It is not deemed necessary to pass on any other question raised in the record. The judgment is reversed, and the cause remanded, with directions to the court below to so

modify it as to add interest and costs of collection thereto as prayed for in the complaint.

Mᴇʀʀɪᴛᴛ, C. J., and Sᴍɪᴛʜ, J., concur.