**ISBELL et al. v. WALTON TRUST CO.**

No. 7693—Opinion Filed March 13, 1917.

(163 Pac. 716.)

(Syllabus by the Court.)

**1. Tender—Costs and Interest—Place of Tender.**

Where a promissory note is made payable at a certain place, the maker, in order to avoid costs and interest after maturity, must deposit or tender the value of the note at that place, although the note is not there.

**2. Tender—Conditions.**

A tender must not be coupled with any other conditions than those which it is clearly the duty of the mortgagee to fulfill on receiving payment or satisfaction.

**3. Same—Sufficiency.**

In this case, the note being payable at a certain place, leaving sufficient money to pay

the same in a bank at another place, to be turned over to the payee upon the performance by it of certain conditions, some of which it was not its duty to fulfill on receiving payment, was not sufficient to constitute a tender.

Error from District Court, Craig County; Preston S. Davis, Judge.

Action by the Walton Trust Company, a corporation, against Thomas J. Isbell and others. Judgment for plaintiff, and defendants bring error. Affirmed.

Seymour Riddle, A. D. Bennett, and C. B. Mitchell, for plaintiffs in error.

J. B. Furry and E. C. Motter, for defendant in error.

KANE, J. This was an action upon a promissory note and to foreclose a real estate mortgage given to secure the payment thereof, commenced by the defendant in error, plaintiff below, against the plaintiffs in error, defendants below.

There was no dispute as to the validity of the note or mortgage, or that the plaintiff was entitled to recover the amount of the note with interest thereon, according to its terms, up to its due date, but defendant Funk, who purchased the land after the note and mortgage were executed, contends that before the note became due he made a tender of the full amount due thereon to the Walton Trust Company, which, at that time, was the agent of the owner and holder of the note. Upon trial there was judgment for the plaintiff for the full face of the note, including interest and an attorney's fee, to reverse which this proceeding in error was commenced.

The note, which matured on the 13th day of January, 1913, by its terms was payable at the office of the Walton Trust Company at Butler, Mo., where Mr. Funk had previously paid the semiannually accruing interest coupons to the Walton Trust Company, as agent for the holder of the note. On the 9th day of January, 1913, Mr. Funk wrote the Walton Trust Company that:

"The money to pay the Isbell note is in the Bluejacket State Bank for you when you send me the release and all other papers pertaining to that loan and the papers that F. M. Gwinup took and refused to give to me, after they had been got especially for me to straighten up the title to the land I bought of Emily J. Burrus."

To this letter the Walton Trust Company replied as follows:

"Answering your letter of Jan. 9th, beg to advise that your notes and mortgages are payable at this office and we do not send them out for collection. Upon receipt of the money we will send it to the holder of the note and as soon as we receive the note we will issue a release of the mortgages and send you all cancelled papers pertaining to the loan."

Several other letters of this import passed between the Walton Trust Company and Mr. Funk, the outcome being that each party steadfastly stood upon what he considered his rights in the premises, until after the due date of the note, when, matters remaining as above indicated, the Walton Trust Company took a reassignment of the note, and commenced this action with the result above stated.

It is apparent from the foregoing brief statement that the only question involved herein is whether Mr. Funk made a sufficient tender to avoid the payment of interest after the due date of the note and the payment of costs and an attorney's fee which, by the terms of the mortgage, was to be paid by the mortgagor in the event it became necessary to foreclose the same by suit. The court below held that he did not, and, in our judgment, there can be no doubt as to the correctness of this conclusion. The rule is that, where a promissory note is made payable at a certain place, the maker, in order to avoid costs and interest after maturity, must deposit or tender the value of the note at that place, although the note is not there. McCauley v. Leavitt, 10 Utah, 91, 37 Pac. 164. It is true that this court has held (Enid Conservative Inv. Co. v. Porter et al., 45 Okla. 406, 145 Pac. 805) that a party making a tender may require proof of the authority of an agent to collect the debt, and demand the production and surrender of the note and mortgage and a release, cancellation, or entry of satisfaction of the mortgage; but it also held that the tender must not be coupled with any other conditions than those which it is clearly the duty of the mortgagee to fulfill on receiving payment or satisfaction. In this case, as we have seen, the note by its terms was payable at the office of the Walton Trust Company at Butler, Mo. As by its terms the note was payable at a certain place, the tender, in order to be effective, must be at that place, and merely leaving the money in the Bluejacket State Bank, to be turned over to the payee upon the performance by it of certain conditions, some of which, at least, it was not its duty to fulfill on receiving payment, did not meet the requirements of the law governing tender.

For the reasons stated, the judgment of the court below is affirmed.

All the Justices concur.