## JOPLIN FURN. CO. v. BANK OF PICHER.

No. 20419. Opinion Filed Sept. 15, 1931.

A. M. Armstrong, for plaintiff in error.

N. C. Barry and A. Clark, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Ottawa county, Okla., by the plaintiff therein. The defendant therein is the defendant in error herein. The parties hereinafter will be referred to as plaintiff and defendant.

The record in this case shows a state of facts as follows: The plaintiff filed in the district court of Ottawa county, Okla., a petition in which it attempted to allege a cause of action against the defendant. Summons was issued for the defendant. The return therein shows no service upon the defendant. The return shows that the summons was served "upon the following persons, defendants within named, at the times following, to wit: J. B. Lucas, Jr., March 24, 1928, by delivering to each of said defendants, personally, in said county, a true and certified copy of the within summons, with all the indorsements thereon." The answer day named in the summons was April 23, 1928. On the 2nd day of May, 1928, the defendant filed a motion to make the petition more definite and certain, and that motion was sustained by the court on the 28th day of May, 1928. In the order sustaining that motion, the court allowed the plaintiff ten days to amend the petition and "10 days given thereafter to plead." An amended petition was filed on the 18th day of June, 1928. There is nothing in the

record to snow service of the amended petition upon the defendant or notice to the defendant of the filing thereof. On the 5th day of February, 1929, the trial court rendered judgment in favor of the plaintiff and against the defendant. In the journal entry of judgment it was recited that the defendant was "in default." On the 5th day of February, 1929, the defendant filed a motion to vacate the judgment rendered as aforesaid which was based in part on the fact that the amended petition was not filed within the time allowed therefor by the court and that no copy thereof was served upon the defendant and no notice of the filing thereof was given to the defendant. On the 5th day of February, 1929, that motion was sustained and the judgment was vacated. From that order, the plaintiff appealed to this court.

The plaintiff here contends that there was both error of law and abuse of discretion of the trial court in sustaining the motion of the defendant to vacate the judgment and in vacating the judgment.

Those contentions are based on two statements made in the briefs of the plaintiff. The plaintiff states that the summons was served personally on the defendant, and that the motion of the defendant to make the petition more definite and certain was filed while the defendant was in default and without leave of court. As we have heretofore stated, there was no service of the summons upon the defendant shown by the record. The defendant was not in default at the time of the filing of the motion. The filing of the motion amounted to an entry of appearance by the defendant. The statement is made by the plaintiff that when the motion of the defendant to make more definite and certain was sustained by the court, "defendant was given 20 days from that date to plead." Such is not the record. The record shows that plaintiff was given ten days to amend the petition, and that the defendant was given ten days thereafter to plead.

Under the facts as shown by the record, the defendant was not in default when it filed its motion to make the petition more definite and certain, and it was not in default when the judgment was rendered by the trial court. The plaintiff did not amend the petition within the time given by the trial court, to wit, 10 days. When it failed to amend within the time fixed by the trial court, it became a volunteer. Under the provisions of section 315, C. O. S. 1921, it was authorized to amend its petition without leave of court, though the time fixed by the court for the amendment thereof had expired, but its amendment filed under the provisions of that section must be in accord with the provisions thereof. The provisions thereof require that notice of the amendment "shall be served upon the defendant or his attorney." If the plaintiff relies on the time given to amend by the trial court, the amendment was filed too late. If the plaintiff relies on the provisions of section 315, supra, the amendment was unauthorized by reason of the failure to give notice of the amendment to the defendant or its attorney. The amended petition having been filed after the expiration of the time fixed by the court for the filing thereof, and no notice of the filing thereof having been given to the defendant or its attorney, the defendant was not bound to take notice of the filing thereof and the defendant was not required to plead thereto. For that reason the defendant was not in default at the time of the rendition of the judgment, and the trial court was not only authorized to vacate the judgment rendered on application made within the term, but it was the duty of that court so to do.

The plaintiff contends that the judgment could not be set aside by the court without the showing of a defense, as provided by section 814, C. O. S. 1921. That section has no application to the facts shown by the record in this case, and the authorities cited in support of that contention are neither decisive nor persuasive. The defendant is entitled under the law to plead to an amended petition. He is entitled to demur thereto and to attack the sufficiency of the amended petition thereby. That right may not be taken from him by inducing the court to render a judgment against him when he is not in default and by requiring him to show a defense as a condition precedent to the vacating of the judgment rendered against him when he was not in default.

The trial court had jurisdiction of the subject-matter of the action and of the person of the defendant, but it did not have jurisdiction to render the particular judgment rendered against the defendant. There was no order of the court for the defendant to plead to an amended petition filed after the expiration of the time fixed by the court for the filing thereof, and no notice of the filing of the amended petition had been given to the defendant or its attorney. The defendant was not in default for answer, and the trial court was without jurisdiction to render a judgment against the defendant

by default when the defendant was not in default.

The trial court committed no error in vacating the judgment, and the order vacating the same is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur.