### MASSEY-HARRIS CO. v. BOOTH et al.

No. 24244. May 12, 1936.

A. W. Billings, for plaintiff in error.

H. B. King, for defendants in error.

PHELPS, J. The plaintiff filed its petition on December 20, 1928, and in due time the defendant Nelson filed his answer and cross-petition, in which he asked judgment against plaintiff. On April 25. 1929, the plaintiff filed a motion to require the defendant to make certain portions of his cross-petition more definite and certain. This motion was pending in May of 1930, when the cause was set for trial, and it does not appear that the plaintiff insisted at that time that a ruling be made on the motion, the hearing on the merits of the action being continued by agreement of the parties to some future date.

The cause was regularly set for hearing for October 6, 1931. On October 5, 1931, the first day of that term of court, the trial court dismissed the petition for want of prosecution and rendered judgment for the defendant on his cross-petition. We note that the rendition of the judgment occurred one day before the action regularly stood for trial on the docket, but that fact is not urged in this court as grounds for reversal.

On May 14, 1932, the plaintiff filed its motion to vacate the judgment of October 5, 1931. The trial court overruled said motion and plaintiff appeals.

The plaintiff admits that it has no cause of complaint against the court's dismissal of its petition for lack of prosecution. Its principal contention is that it was error for the court to render judgment for the defendant on his cross-petition as if the plaintiff were in default, when at that time the plaintiff had on file, and undisposed of, its motion to make more definite and certain. Plaintiff cites A., T. & S. F. Ry. Co. v. Lambert, 31 Okla. 300, 121 P. 654, Ann. Cas. 1913E, 329, and St. L. & S. F. Ry. Co. v. Young, 35 Okla. 521, 130 P. 911, holding that judgment cannot be taken by default where a motion of the adverse party is undisposed of, unless the determination of the motion could not affect the rights of

the party taking judgment. Those cases rightly state the law; by their own language, though, they expressly recognize an exception to that doctrine in cases where the pending motion has been waived. In other words, the party relying upon the motion may waive the remedy to be sought thereby, in which case the motion loses its staying effect.

The question in the present case, then, becomes whether the plaintiff waived its motion to make more definite and certain. The trial court was evidently of the opinion that such waiver had occurred. This was justified. The motion had been filed for more than a year when the plaintiff agreed, in May of 1930, after the cause had been set for trial, to postpone the trial. It seems reasonable that if the plaintiff was placing any importance upon the merits of the motion, some mention of the fact would have been made at the time, or prior to the date upon which it was first set for trial. One year and five months later it was again set for trial, and still the plaintiff had made no effort to present its motion. This made a period of two and a half years in which the motion lay dormant. We think that both by the acquiescence of May, 1930, as above recited, and by the unusual lapse of time it was within the discretion of the trial court to treat the motion as abandoned.

We fail to comprehend with what consistency the plaintiff admits the propriety of the court's dismissal of its petition and at the same time contends that the motion should not have been dismissed, along with the petition. Though the motion was addressed to the cross-petition, it was nevertheless important to plaintiff's side of the case. The motion lay inactive only four months less time than did the petition, and it is admitted by the plaintiff that it makes no complaint of the dismissal of the petition.

Trial courts are invested with a rather wide discretion in their rulings on motions to vacate judgments, filed after term. We are unable to agree with plaintiff that the trial judge committed an abuse of that discretion in his refusal to vacate the judgment.

Plaintiff further contends that the judgment is void for the reason that it fails to set forth the necessary recitals of the facts on which the judgment is based. The plaintiff points out that the journal entry does not recite that the plaintiff was in default of appearance or pleadings. The journal

entry did recite the findings of the trial court that the plaintiff had "abandoned" the action, which finding was sufficient for the purpose. The judgment is affirmed.

OSBORN, V. C. J., and BUSBY, WELCH, and GIBSON, JJ., concur.