STATE ex rel. COM'RS OF LAND OFFICE v. WOOD et al.

No. 33526.    Dec. 27, 1949.

Rehearing Denied Feb. 28, 1950.

Application to File Second Petition for Rehearing Denied April 25, 1950.

*217 P. 2d 171.*

T. J. Lee, Floyd Wheeler, and Leonard L. Ralston, all of Oklahoma City, for plaintiff in error.

John B. Ogden and Gilliland, Ogden, Withington, Shirk & Vaught, all of Oklahoma City, for defendant in error Mary Boyd Wood.

HALLEY, J. This action was commenced on December 5, 1938, by the State of Oklahoma ex rel. Commissioners of the Land Office against Elmer S. Wood and others, for a money judgment upon promissory note and to foreclose a mortgage executed to secure the note and covering lands located in Le Flore county. Elmer S. Wood and three other defendants had executed a note and mortgage, while the remaining defendants were alleged to claim some interest in the land inferior to the lien of the plaintiff. Frank Huddleston was permitted to intervene, and we shall refer to the plaintiff, defendants, and intervener as they appeared in the trial court.

In order to understand fully the issues involved, we deem it necessary to give a brief summary in chronological order of the history of this case in the trial court.

The defendants were all served with summons, but none of them appeared, and on March 20, 1939, the court entered a default judgment for the plaintiff for $6,305.85 on the note, an attorney's fee of $350, and costs, against the defendants who were obligated on the note, the judgment to bear interest at the rate of 10% per annum, foreclosing the mortgage, and ordering sale of the land if the judgment was not paid within six months from its date, and barring the other defendants from claiming any interest in the land.

On November 27, 1939, the land was sold at sheriff's sale and bid in by the state for $2,650.

On August 27, 1942, Elmer S. Wood died, and a representative was appointed, but no revivor of judgment was obtained.

On October 19, 1942, the plaintiff filed a motion to confirm sale, and order of confirmation was entered on the same date.

On August 18, 1944, the defendants filed a petition to vacate the sheriff's sale and the order of confirmation, and set up three reasons therefor, as follows:

(a) The death of Elmer S. Wood prior to the order of confirmation, and the failure of plaintiffs to revive the judgment;

(b) Deficient order and notice of sale in failing to run in the name of "the State of Oklahoma"; and

(c) The unreasonable amount for which the land was sold to the State of Oklahoma.

In this petition, the defendants plead that if the court would set aside the order confirming the sale, they would bid the full amount due under the judg-

ment for the land. On December 3, 1945, this petition to vacate order of confirmation was amended and made more definite and certain.

On October 18, 1945, the state deeded the land involved to Frank Huddleston, retaining one-half of the minerals, this deed being filed for record October 23, 1945.

On July 15, 1946, an order was made vacating the sale and the order of confirmation. This order was never appealed from. On December 30, 1946, Frank Huddleston was permitted to intervene. His answer, setting up his title, was filed the same day. He prayed that the order of July 15, 1946, vacating order of confirmation, be vacated.

On June 20, 1947, the court entered judgment approving the order of July 15, 1946, which vacated the order confirming the sale, and ordered the defendants to pay into court within sixty days the sum due upon the judgment, $7,309.91; that the judgment should bear no interest after August 18, 1944, being the date when the defendants filed their first petition for an order vacating the order of confirmation, and evidently based this decision upon the assumption that such petition constituted a legal tender to redeem. The order further provided that of the sum to be paid in by the defendants, Frank Huddleston should be paid the sum of $2,543.30, and the balance should be paid to the State of Oklahoma. The order further decreed that title to the land remain in Elsie B. Wood and the other defendants who were to pay the judgment.

Motion for new trial was overruled, and the plaintiff has appealed. The intervener, Frank Huddleston, did not appeal.

The petition in error sets out a single ground for reversal, to wit:

"That the court erred as a matter of law in holding and determining that the defendants Mary Boyd Wood and others made a tender in their petition to set aside the order of confirmation of sale."

It is urged hereunder that if it be determined that a tender was made, the trial court erred in the determination of the date thereof and in the computation of the amount necessary to pay the judgment.

The plaintiff has raised only one proposition in its petition in error, and no other errors can be considered by us on appeal. Local Federal Savings & Loan Ass'n of Oklahoma City v. Sickles, 196 Okla. 395, 165 P. 2d 328. The error set out in the petition in error quoted above is without merit as long as the judgment vacating the order of confirmation has not been set aside, since that was at worst a voidable order, as the trial court had jurisdiction to make the order it did whether it was erroneous or not, and unless superseded and until reversed it will be enforced. Griggs et al. v. Brandon et al., 132 Okla. 180, 269 P. 1052. The order vacating order of confirmation made the tender, if any was made, good.

The correctness of the trial court's decision on July 15, 1946, in vacating the order of confirmation, is not in question here, because it became a final order when it was not appealed from.

We are of the opinion that the tender made by the defendants in their petition to vacate of August 18, 1944, was not an unconditional tender, because it was based on the condition that they would bid the full amount of the judgment if the court would vacate the sale, and for that reason such tender is ineffectual. See Bly v. Pool, 60 Okla. 77, 159 P. 511; Isbell v. Walton Trust Co., 63 Okla. 182, 163 P. 716; First National Bank of Davis v. Britton et al., 185 Okla. 566, 94 P. 2d 896. We think, however, that the tender made in the amended petition to vacate order of confirmation on the 3rd day of December, 1945, was good because unconditional.

The question presents itself as to when the tender became effective, whether at the time the proper tender was made on December 3, 1945, or when the judgment was vacated on July 15, 1946. It seems that the better rule is that where a judgment or order is vacated or set aside by a valid order or judgment, it is entirely destroyed and the rights of the parties are left as though no such judgment had been entered. 49 C.J.S., Judgments, sec. 306, and cases cited thereunder. This court held in Todd et al. v. Orr, 44 Okla. 459, 145 P. 393, that a court of general jurisdiction has control over orders or judgments during the term at which made, and for sufficient cause may modify or set them aside at that time, and when set aside, the parties are remitted back to such rights and remedies as they formerly had, the same as though the order or judgment vacated had not been made in the first instance. Inasmuch as the defendants had the right to proceed under Title 12, O.S. 1941, sec. 1031, to vacate the sale and order of confirmation, the action of the court in so doing wiped out those proceedings, so in our judgment the tender on December 3, 1945, stopped the running of interest, but the same continued to accumulate until then.

Under this holding, the defendants are entitled to redeem this property by paying the amount of the judgment of March 20, 1939, in the sum of $6,305.85, with interest thereon at 10% per annum to December 3, 1945, attorneys' fee of $350, and the costs of this action. Should the defendants elect not to exercise that right within thirty days from the finality of this opinion, the plaintiffs may sell the land in satisfaction of their judgment in the manner provided by law. That part of the trial court's decree fixing the amount defendants had to pay to redeem the property at $7,309.91 is incorrect, and the proper amount that they must tender is $10,532.45, which is the principal and interest at 10% from March 20, 1939, to December 3, 1945, plus costs and attorney's fee of $350.

The judgment, as modified, is affirmed.

DAVISON, C. J., and CORN, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur. WELCH and GIBSON, JJ., dissent.

Rehearing denied.

ARNOLD, V. C. J., dissents.