**Edna Ruth ROBERTS, Plaintiff in Error,**

v.

**Vernon Stanford ROBERTS, Defendant in Error.**

No. 39032.

Supreme Court of Oklahoma.

Dec. 20, 1960.

Elmore A. Page, Tulsa, for plaintiff in error.

Ungerman, Grabel, Ungerman, Leiter & Unruh, Rucker, Tabor, Best, Sharp & Shepherd, Tulsa, for defendant in error.

WILLIAMS, Vice Chief Justice.

Edna Ruth Roberts, in July, 1959, filed an action against Vernon Stanford Roberts for divorce and custody of their three minor children, and as grounds therefor alleged incompatibility on the part of defendant. Defendant filed a cross-petition for divorce and custody of the children. Continued reference to the parties will be as they appeared below.

The testimony supported the allegations of incompatibility on the part of each of the parties. They had been married twenty years; there was a difference of ten years in their respective ages. They had not lived as husband and wife for some six years. Except for the home and their children, they had few interests in common.

Defendant's testimony indicated the following as to his financial position. His present salary was $1,386 per month; his "take-home pay" $973. He had over $30,000 in the Provident Fund with his employer. He adds to this fund 10% of his salary each month and his employer does likewise. He may not withdraw this unless he leaves his present employer or retires. In addition, his employer maintains a separate retirement program for all employees, including defendant. After this suit was filed, defendant sold certain shares of stock he had for $2,053. The proceeds of this sale he used to pay bills incurred by the family. He pays approximately $70 per month for insurance. Defendant did not directly place a value on the household furniture when asked its value, but did say he had kept it insured for $6,000.

The parties paid $26,500 for their present house. There is a $12,000 mortgage against it. Defendant had 500 shares of radium stock he valued at $330, but later, in referring to it, he said "* * * it has gone up to three dollars, I believe. I believe I bought it a little cheaper." His testimony was not controverted except that defendant's counsel in question to defendant inferred the furniture was worth about $1,200, and that the parties have been unable to sell the house at the above figure.

The trial court granted each party a divorce on the grounds of incompatibility.

Plaintiff was awarded custody of the children except from June 15th to August 15th of each year. No appeal has been taken from the action of the trial court as to the granting of a divorce to the parties.

Plaintiff was awarded child support money in the amount of $100 per month per child until each child should respectively reach age of majority. She was awarded, by way of property settlement, a 1956 automobile and the household furniture. The judgment further provided that the present home of the parties should be sold. The net proceeds were to be used to buy a house free and clear of all encumbrances and kept free of debt, title thereto to be held in the name of plaintiff and the children. Defendant was ordered to maintain his present insurance policies for the use and benefit of the children and to pay plaintiff's attorney a fee of $650.

Defendant was awarded a 1952 automobile, the bank account ($600) and all monies in the Provident Fund (more than $30,000).

Plaintiff contends: "The judgment of the Honorable Trial Court in the division of the jointly acquired property, between the parties hereto, is clearly against the weight of the evidence, and is inequitable, unjust and unwarranted."

Defendant's first contention is: "The clear weight of the evidence fully supports the judgment of the trial court in the division of jointly acquired property among the parties hereto; therefore, the judgment of the trial court must be sustained."

The value of the automobile awarded plaintiff was approximately offset by the automobile and bank account awarded defendant.

The other assets that plaintiff and defendant have accumulated during their marriage and their approximate value, according to the record, are: house, net value $14,500; furniture, from $1200 to $6000; radium stock from $330 to $1,500; and Provident Fund, more than $30,000. These total from some $46,300 to $52,000 and more.

Of this $46,300 to $52,000, plaintiff was awarded the household furniture ($1200 to $6000) and a ¼th interest in a house to be purchased at a cost of approximately $14,500, assuming the present home will sell for that amount, above the mortgage. The interest awarded to her in these would total only from $5033 to $9833. And such furniture and home (and automobile, for that matter) will be used by the children as well as by the plaintiff.

The defendant's "take-home pay", less payments of child support and insurance is approximately $700 per month. In addition, he is accumulating about $277 per month in the Provident Fund.

The plaintiff has never worked outside the home. It would be difficult for her to work out and look after the minor daugh-

ters. They need her at home in order that they may receive proper care.

By statute 12 O.S.1951 § 1278, it is provided that

"When a divorce shall be granted by reason of the fault or aggression of the husband, the wife * * * shall be allowed such alimony out of the husband's real and personal property as the court shall think reasonable, having due regard to the value of his real and personal estate at the time of said divorce; which alimony may be allowed to her in real or personal property, or both, or by decreeing to her such sum of money, payable either in gross or in installments, as the court may deem just and equitable. As to such property, whether real or personal, as shall have been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, the court shall make such division between the parties respectively as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof. In case of a finding by the court, that such divorce should be granted on account of the fault or aggression of the wife, the court may set apart to the husband and for the support of the children, issue of the marriage, such portion of the wife's separate estate as may be proper."

 In making division of property in a divorce action due consideration should be given to the situation of the husband as well as that of the wife. Funk v. Funk, Okl., 319 P.2d 599.

From the record in this case, it would appear that after plaintiff had been married to defendant twenty years and borne and reared three daughters, the older practically to majority, and that she yet must care for the younger some ten additional years, an award to her of only from ten to

twenty per cent of an accumulation of property of some $45,000 to $50,000 in value appears hardly to warrant being called "just, reasonable" or "proper" as is required by the foregoing statute.

We determine the award made to plaintiff to be against the weight of the evidence and inequitable.

In Helvey v. Helvey, Okl., 262 P.2d 445, we said:

"Where the judgment of the trial court dividing jointly acquired property between husband and wife after divorce is clearly against the weight of the evidence and inequitable same will be set aside on appeal and proper judgment entered."

Of course, defendant could not withdraw and pay over to plaintiff in a lump sum any of the $30,000 and more accumulated in the Provident Fund with his employer. However, plaintiff could have been awarded an allowance payable monthly as alimony in lieu of a division of this fund. We believe plaintiff is entitled to such an allowance in the total sum of $12,100. We therefore order that the judgment of the trial court be and it is hereby modified to adjudge and order that defendant pay plaintiff $12,100 alimony, same to be paid by defendant as follows: one payment of $100 within ten days from the date of finality of the judgment herein ordered to be entered, and 120 equal monthly payments of $100 each payable at intervals of one month thereafter.

We further determine that plaintiff is entitled to have the title to the home which may be purchased by her with proceeds of sale of equity in present home of the parties taken and placed in her own name. We therefore further order that the judgment of the trial court be modified accordingly. See Section 1278, supra.

In order to insure that the minor children of the parties have a home during minority, and for their proper maintenance and support by plaintiff (with assistance of defendant as set forth herein) we further order

that the judgment of the trial court as modified by this opinion, be and the same is further modified to provide that plaintiff may not sell or place any encumbrance against the title to such home to be purchased by her with proceeds of sale of equity in the present home, during the minority of said children or either of them, or until the further order of the trial court.

We agree with the defendant's second contention that the fact plaintiff did not specify in her petition in error that the trial court awarded her attorney an insufficient fee precludes such matter from review herein. State ex rel. Commissioners of Land Office v. Wood, 202 Okl. 664, 217 P.2d 171. As a matter of equity, plaintiff's attorney is entitled to an additional fee for services performed in connection with this appeal. An additional fee of $500 appears to be justified, considering all the circumstances. Thompson v. Thompson, Okl., 347 P.2d 799.

It is ordered that the trial court modify its judgment as above indicated and enforce said judgment as modified as if originally entered in the trial court.

Modified, and, as modified, affirmed.

DAVISON, C. J., and HALLEY, BLACKBIRD, IRWIN and BERRY, JJ., concur.

JACKSON, Justice (dissenting).

While I agree that the division of property ordered by the trial court is unfair and inadequate for the plaintiff, and have no serious complaint in regard to the order made by this court, I think it would be much more satisfying to all concerned if we would indicate the percentage of the estate that should be distributed to the plaintiff and reverse and remand with instructions for the trial court, with the assistance of the parties and their attorneys, to determine how and in what manner the payments should be made. For these reasons I respectfully dissent.