Ernest G. CRABTREE, Plaintiff in Error,

v.

Laura C. CRABTREE, Defendant in Error.

No. 41226.

Supreme Court of Oklahoma.

Nov. 9, 1966.

John C. Moran, Oklahoma City, for plaintiff in error.

Howard C. Allman, Oklahoma City, for defendant in error.

DAVISON, Justice.

This is an appeal on the original record by Ernest G. Crabtree (defendant below) from a judgment of the lower court refusing to vacate a decree of divorce rendered in favor of Laura C. Crabtree (plaintiff below). The parties will be referred to by their trial court designation.

Plaintiff filed her action for divorce and, upon failing to get personal service of summons on defendant, sought to procure service by publication. The publication notice required defendant to answer on or before April 22, 1964. Under the provisions of 25 O.S.1961, § 82.2, this date is "Oklahoma Day" and is designated as a holiday, and the office of the court clerk was closed on such day. In the afternoon of the following day, April 23, 1964, the office was open, and defendant's attorney filed defendant's special appearance and motion to quash the publication service on the grounds that the notice was not issued and published as required by law and that the affidavit for publication was invalid and insufficient. The filing stamp on the motion reflects the motion was filed at 3:34 p. m. of said date, and the record made on the appearance docket reflects the motion was filed on said date. On the same date defendant's attorney mailed a copy of the motion to quash to plaintiff's attorney.

In the afternoon of April 24, 1964, plaintiff and her attorney appeared before a judge of the lower court with the case file. It is not questioned that the judge's examination of the file failed to disclose the defendant's motion. Thereupon, the court proceeded to hear the matter, found defendant in default, granted plaintiff a divorce and vested in her certain real and personal property. It appears that on the same afternoon, while filing the divorce decree, a deputy court clerk informed plaintiff's attorney of defendant's motion. The only explanation for the absence of the motion from the court file is the suggestion that sufficient time had not elapsed to permit it to reach the file. When plaintiff's attorney returned to his office he found the copy of defendant's motion had been delivered in the mail.

On April 30, 1964, and during the same term of court, defendant filed his motion to vacate the default judgment, alleging the decree was entered while defendant's timely filed motion to quash was pending and undisposed of, and that the judgment was rendered without notice to defendant's attorney of record. The lower court denied this motion and refused to vacate the divorce decree. A determination of the first proposition is sufficient to dispose of this matter.

As stated the answer day (April 22, 1964) was "Oklahoma Day" and designated by statute, supra, a holiday and the court clerk's office was closed. The statute, 25 O.S.1961, § 82.2, also provides that upon

any county public office being closed on such holiday, "[a]ny act authorized, required or permitted to be performed on any * * * public office or public official may be performed on the next succeeding business day and no liability or loss of rights of any kind shall result from such delay."

Also, under 12 O.S.1961, § 82, when the last day for filing a pleading in a public office falls on a day when such office is not open for public business, the pleading may be filed on the next day when the office is open for the performance of public business.

Based on these statutory provisions it is our opinion that defendant's motion to quash the publication service was validly and timely filed.

The motion was not only on file, but was clearly standing undisposed of and presented the issue of the validity of the publication service. The defendant was not in default.

In Oklahoma State Bank of Cushing v. Buzzard, 61 Okl. 88, 160 P. 462, we stated:

"There can be no judgment by default where there is on file an answer or other pleading raising an issue of law or fact.

"Before a default judgment can be properly entered the answer or other plea must be disposed of in an orderly way by motion, demurrer, or in some other manner."

See also Crossan v. Cooper, 41 Okl. 281, 137 P. 354, and Massey-Harris Co. v. Booth, 177 Okl. 84, 57 P.2d 826.

In Joplin Furniture Co. v. Bank of Picher, 151 Okl. 158, 3 P.2d 173, we further stated:

"Where a judgment is rendered against a defendant by default when the defendant is not in default and a motion to vacate the judgment is filed by the defendant within the term at which the judgment is rendered, there need be no showing of a defense to the action as a condition precedent to the vacation of the judgment by the court."

This court has held that the district court has full control over its judgments or orders during the term at which they are rendered, and may, for sufficient cause shown, in the exercise of its sound discretion, vacate and modify the same, and that where the motion to vacate or modify is filed during the term, the movant is not required to allege or prove a valid cause of action or defense. Morgan v. Phillips Petroleum Co., 202 Okl. 181, 212 P.2d 663.

The defendant was not in default and a default judgment should not have been rendered against him. The lower court erred in denying defendant's motion to vacate such default judgment.

The judgment of the lower court is reversed with directions to sustain said motion.

HALLEY, C. J., JACKSON, V. C. J., and WILLIAMS, BLACKBIRD, IRWIN, BERRY and HODGES, JJ., concur.