Frances L. REAGAN, Plaintiff in Error,

v.

Dale A. REAGAN, Defendant in Error.

No. 42863.

Supreme Court of Oklahoma.

Oct. 14, 1969.

Sanders & McElroy, Jerry H. Holland, Tulsa, for plaintiff in error.

Baker & Baker, Tulsa, for defendant in error.

HODGES, Justice.

This is an appeal in a divorce case involving the question of an equitable division of the jointly acquired property. Plaintiff below appeals the judgment of the trial court in not dividing the jointly acquired property in a manner that was just and reasonable to her.

Parties were married in 1948, when she was 19 and he was 21 years of age. They have four children ages 18, 16, 11 and 8. At the time of trial plaintiff was 38 years of age and the defendant was 40 years of age.

Following a trial upon the merits the court granted plaintiff a divorce, awarding her custody of the children, child support of $75.00 per month per child, alimony of $20,000.00 to be paid at the rate of $250.00 per month, the residence and furniture, the refrigerator and the car with defendant to pay the outstanding indebtedness. The defendant was awarded his personal effects, the 500 acre farm and all the cattle including the calves.

There is a conflict in the evidence between the parties as to the value of some of the jointly acquired property. The range in values listed is due to this conflict. The evidence indicated that defendant made $950.00 per month, with a take home pay of about $725.00. When the parties were married they had no property and through the 19 years of marriage they have accumulated a residence, furniture, automobile, a 500 acre farm and some cattle and calves. The farm is valued between $50,000.00 and $87,500.00 with an indebtedness of approximately $30,000.00 against it. The cattle and calves are valued at $22,500.00 with an indebtedness against them of $10,000.00. The parties paid $18,200.00 for the residence with a $2,000.00 down payment and have paid about $140.00 per month for approximately three years. The equity in the home is between $1,000.00 to $3,200.00. The furniture is valued at about $800.00. They own a Buick automobile that has an indebtedness of some $1,200.00, the approximate value of the car. The monthly payments on the car and a new refrigerator are $80.50 and $16.50. Plaintiff is employed making between $150.00 and $200.00 per month, depending on the number of hours worked. Her living expenses are about $615.00 per month.

We find no complaint with the trial court's award of alimony. It appears from the judgment that the alimony award in

the amount of $20,000.00 was given by the court as alimony, and not as an in lieu division of property. In this respect we approve and find that the amount of alimony is adequate and sufficient under the circumstances of the case. We must then proceed to consider as a separate and distinct question whether the trial court made a just and equitable division of the jointly acquired property.

The equity in the residence, the furniture, refrigerator and the car which was awarded to the plaintiff had a value according to her testimony of about $3,000.00, and according to defendant a value of $5,200.00. The net value of the jointly acquired property awarded the defendant, according to his testimony, is $32,500.00, and according to plaintiff is $70,000.00.

We are of the opinion that the decision of the trial court on the division of the above property is against the weight of the evidence and inequitable. Plaintiff has spent approximately one half of her life with the defendant during which time all of the property listed in the evidence was accumulated. One hundred and sixty acres of the 500 acre farm was purchased in 1951 and paid for in installments over the years. In about 1962 the balance of the 500 acres was purchased and payments thereon have been made since that time. Plaintiff has worked on the farm as did the entire family at times. There was nothing in the evidence to indicate that plaintiff had not kept the house, cooked meals, reared the defendant's four children, and contributed to the marriage as a partner should. Under these circumstances to award plaintiff approximately ⅕th of the property according to defendant's value or ⅟₂₃rd according to plaintiff's value, that she helped to accumulate in 19 years of marriage is clearly inequitable. When the division of the jointly acquired property made by the trial court in a divorce action is against the weight of the evidence and inequitable its judgment will be modified on appeal. Roberts v. Roberts, Okl., 357 P.2d 980.

The judgment of the trial court is therefore modified by awarding plaintiff an additional $13,650.00 in lieu of a division of the farm and cattle. The award to be paid within 6 months from the time this opinion becomes final. This sum of $13,650.00 is a lien upon the 500 acre farm subject to the prior encumbrances.

Plaintiff also requested that her attorney be granted an additional attorneys fee for pursuing this appeal. An additional attorneys fee is awarded plaintiff's attorney of $500.00.

Judgment affirmed as modified.

All Justices concur.