Norma J. YEAGLEY and Ned C. Yeagley,
Appellants,

v.

Jim BREWER, d/b/a Brewer Construction
Company, Appellee.

No. 48352.

Court of Appeals of Oklahoma,
Division No. 1.

May 25, 1976.

Released for Publication by Order of Court
of Appeals June 18, 1976.

Manners, Grennan & Cathcart by J. Mike Lawter, Oklahoma City, for appellants.

REYNOLDS, Presiding Judge:

This is an appeal by Norma J. Yeagley and Ned C. Yeagley, appellants and plaintiffs below, from an Order of the District Court of Oklahoma County, vacating a default judgment rendered in favor of the plaintiffs.

The plaintiffs filed their petition on June 14, 1972, alleging that defendant and appellee, Jim Brewer, doing business as Brewer Construction Company, had made an oral agreement with the plaintiffs to remodel their home. They stated that the defendant had failed to complete the agreed remodeling and that the defendant's work was defective and the plaintiffs were damaged thereby in the amount of $10,000. They further prayed for $50,000 punitive damages. The defendant entered his appearance and thereafter filed a motion to strike and a demurrer. The motion to strike was granted on December 8, 1972, and the plaintiffs were given ten days in which to file an amended petition. The ruling on the demurrer was passed until the plaintiffs amended their petition.

On April 18, 1973 the defendant's attorney filed a motion to withdraw as counsel. Nothing further happened in this case until September 20, 1974, when the plaintiffs filed a motion for default judgment on the ground that the defendant was in default because he had failed to answer. The appearance docket reveals that the defendant's demurrer was overruled on that same day. The journal entry recites that the plaintiffs appeared by counsel at the hearing on the motion. The judgment was granted in the full amount of $60,000 and judgment was entered on September 24, 1974. There is nothing in the record to evidence an attempt to notify the defendant of the default judgment in compliance with Rule 10, Supreme Court Rules for the District Courts, 12 O.S.1971, Ch. 2, App.

On March 4, 1975, the defendant filed an application to vacate the judgment on the ground that the plaintiffs had failed to give notice as required by Rule 10. The defendant further stated that he had a good and valid defense which would have been pleaded had he been allowed to answer.

The plaintiffs filed a trial brief which attacked the jurisdiction of the court to vacate the judgment on the ground that the defendant was making a collateral attack on a judgment which was neither void on its face nor obtained by fraud. No demurrer or other pleading was filed and no argument was made in the brief attacking the sufficiency of the defendant's pleading in reference to the statutory requirements for vacating a judgment set out in 12 O.S. 1971, §§ 1031 et seq. The trial court granted defendant's request to vacate the judgment. The Journal Entry ordering the judgment vacated recites that the trial court heard argument of counsel and examined the file and the plaintiffs' brief.

The plaintiffs appealed, alleging that the trial court erred in vacating the judgment because the defendant did not comply with the statutory requirements set out in 12 O.S.1971, §§ 1031 et seq., to-wit: The motion was not verified; it was filed after the three month limitation provided for motions to vacate; and it failed to plead a defense to the action.

Default judgments are not favored, *Morrell v. Morrell,* 149 Okl. 187, 299 P. 866 (1931); *Singleton v. Le-Pak,* Okl., 425 P.2d 974 (1967), and substantial compliance with the statute for vacation of same is all that is necessary. *Al-*

*len v. Allen,* 201 Okl. 442, 209 P.2d 172 (1948). A motion, filed out of time, substantially complies with the statute if it contains all of the averments prescribed by the statute for a petition. *Joe Walsh Advertising, Inc. v. Phillips Tire & Supply Co.,* Okl., 498 P.2d 1391 (1972).

Section 1031 provides nine different grounds for vacating a judgment.

Section 1033 provides:

"The proceeding to vacate or modify the judgment or order, on the grounds mentioned in subdivisions four, five, six, seven, eight and nine of the second proceeding section, (12 OS 1971 § 1031) shall be by petition, verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant. On such petition, a summons shall issue and be served as in the commencement of an action."

■ Because a proceeding by petition requires that the pleading state a defense to the action and be verified only if the judgment is to be vacated on grounds stated in subdivisions four through nine, a crucial issue in this case is the characterization of the ground for vacation that a violation of Rule 10 brings into play. We have found only one case in which Rule 10 has been considered. *Singleton v. Le-Pak,* supra. In that case the Supreme Court considered a Rule 10 violation as being a subdivision seven ("For unavoidable casualty or misfortune, preventing the party from prosecuting or defending.") ground for vacation of a judgment. It is not clear whether this characterization was made by the Court or was merely an approval of the characterization made by the petitioner therein. The case at bar, however, involves an element that did not appear in the *Singleton* case in that the defendant herein was not in default when the judgment was entered. The plaintiffs were ordered to amend their petition within ten days. They did not comply with this order.

■ In *Joplin Furniture Co. v. Bank of Picher,* 151 Okl. 158, 3 P.2d 173 (1931), the Supreme Court held that the defendant's time to answer had not expired because plaintiff's amended petition, filed out of time, did not comply with the statutory requirements of 315 C.O.S.1921 (now codified as 12 O.S.1971, § 314). This rule also applies in the case at bar in which the plaintiffs filed no amended petition. Because the defendants were not in default when the judgment was entered, the Rule 10 violation must be characterized as being a subdivision three ground for vacating the judgment. ("For mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order.") Thus, the defendant was not obliged to verify or to state a defense to the action. Because the pleading was sufficient as a petition the three year statute of limitation provided in § 1038 is applicable, therefore the defendant was not out of time.

The cases cited by the plaintiffs are not applicable. The grounds for vacating the judgment in *Sadbery v. Hope,* Okl., 444 P.2d 175 (1968), were in subdivision four and there were no statutory grounds for vacating in *Hawkins v. Hurst,* Okl., 467 P.2d 159 (1970).

". . . [W]here a judgment or order is vacated or set aside by a valid order or judgment, it is entirely destroyed and the rights of the parties are left as though no such judgment had been entered." *State v. Wood,* 202 Okl. 664, 217 P.2d 171 (1949).

Therefore, the trial court is affirmed and this cause is remanded to allow the parties to proceed accordingly.

AFFIRMED.

BOX and ROMANG, JJ., concur.