IN THE MATTER OF A.T.
2022 OK CIV APP 10
Case Number: 119403
Decided: 03/23/2022
Mandate Issued: 04/20/2022
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2022 OK CIV APP 10, __ P.3d __

 

IN THE MATTER OF A.T., E.T., J.T., Alleged Deprived Children:

MARCELLA BURK, Appellant,
v.
STATE OF OKLAHOMA, Appellee.

APPEAL FROM THE DISTRICT COURT OF
OKLAHOMA COUNTY, OKLAHOMA

HONORABLE SUSAN JOHNSON, TRIAL JUDGE

AFFIRMED

Phillip P. Owens, II, OWENS LAW OFFICE, PC, Oklahoma City, Oklahoma, for Appellant

Janet Brown, ASSISTANT DISTRICT ATTORNEY, Oklahoma City, Oklahoma, for Appellee

GREGORY C. BLACKWELL, JUDGE:

¶1 Marcella Burk, the mother of the children at issue here, appeals the trial court's denial of her petition to vacate an order terminating her parental rights. On review, we affirm the court's decision, finding that the court's refusal to vacate on the grounds of unavoidable casualty was within its discretion, clear and convincing evidence supported termination, and that the proceedings were conducted within constitutional parameters.

BACKGROUND

¶2 These proceedings began when the state took emergency custody of two of the three children at issue in a prior deprived case. That case was closed in January 2020. The father of the two children was given custody and the mother, Ms. Burk, was given supervised visitation only. This case began in April 2020 when a third child was born. Ms. Burk tested positive for methamphetamines at the birth of the child, and it was revealed that the father was allowing Ms. Burk unsupervised visitation with the older children. All three children were brought into state custody and placed in foster care with two different paternal aunts.

¶3 In May 2020, the state filed a petition seeking to terminate Ms. Burk's parental rights on the grounds of failure to correct the conditions leading to the prior deprived adjudication, a failure to provide proper parental care and guardianship, substance abuse, mental health problems, and threat of harm. Ms. Burk failed to appear at her next scheduled hearing. DHS reported that Ms. Burk had been referred to service providers but had not engaged in any services and had inconsistent contact with DHS.

¶4 An individualized service plan was entered and the court conducted several review hearings with no apparent progress towards reunification. Ms. Burk appeared for some, but not all, of these hearings, sometimes in person and sometimes remotely. On August 13, 2020, Ms. Burk appeared in person with her court-appointed attorney, who had been present at all prior hearings. The court set pretrial and trial dates on the petition for termination on November 12th and 16th, respectively. The court's order from the August hearing contains the statutorily required language warning that failure to appear may result in termination.

¶5 Ms. Burk failed to appear at the pretrial hearing on November 12th, though her counsel was present. Ms. Burk's DHS permanency worker testified that Ms. Burk had failed to correct the conditions of the prior adjudication and that she believed it was in the children's best interest for the court to terminate Ms. Burk's parental rights. Ms. Burk's attorney did not cross-examine this witness, and, although she entered an objection as to the termination, she did not offer any witnesses. In the review order entered November 12th, the trial court struck the jury trial set for the 16th; however, a final order terminating Ms. Burk's rights was held in abeyance to ensure Ms. Burk, who had yet to contact the court, DHS, or her counsel, did not appear for trial on the 16th. When Ms. Burk failed to appear on the 16th, the final order terminating her rights was entered the following day.

¶6 Sixty-four days later, Ms. Burk, who had obtained new counsel, filed a petition to vacate pursuant to 12 O.S. § 1031

¶7 The court conducted a hearing on the petition, at which Ms. Burk testified. She testified that she was unaware of the November 12th pretrial hearing until she received a text reminder from her DHS contact the previous day. Ms. Burk testified that she had attempted to attend the hearing virtually, using the "Bluejeans" app,

¶8 The court subsequently issued a detailed order denying the request to vacate. The court found that, under 10A O.S. § 1-4-905, the request to vacate was not timely. The court also concluded that the claimed casualty was "preventable."

¶9 From this order, Ms. Burk timely appealed. The state filed a response to Ms. Burk's petition in error but did not file an answer brief.

STANDARD OF REVIEW

¶10 This appeal concerns the trial court's denial of Ms. Burk's motion to vacate. "We review 'a trial court's ruling either vacating or refusing to vacate a judgment [for] abuse of discretion.' " In re H.R.T., 2013 OK CIV APP 114362 P.3d 666Ferguson Enters., Inc. v. H Webb Enters., Inc., 2000 OK 7813 P.3d 480Fent v. Okla. Natural Gas Co., 2001 OK 3527 P.3d 477de novo. In the Matter of A.M., 2000 OK 8213 P.3d 484

ANALYSIS

10A O.S. § 1-4-905 v. 12 O.S. § 1031

¶11 We first address the trial court's determination that Ms. Burk's petition to vacate was untimely. For the following reasons, we find that the petition was timely filed and the trial court's finding to the contrary was erroneous.

¶12 Section 1-4-905 of Title 10A concerns the notice that must be given to parents in a termination proceeding and the consequences that may flow from a parent's failure to appear after notice is provided. Subsection A of the provision notes that failure to appear after proper notice "shall constitute consent to the termination of parental rights by the parent given notice." 10A O.S.Supp.2014, § 1-4-905.

¶13 Subsection B concerns a parent's ability to vacate an order of termination "made pursuant to subsection A." Subsection B states: "The court shall have the power to vacate an order terminating parental rights if the parent whose parental rights were terminated pursuant to subsection A of this section files a motion to vacate the order within thirty (30) days after the order is filed with the court clerk." Because this provision was statutorily unavailable to the mother at the time she filed her motion to vacate, she filed not under this section, but under 12 O.S. § 103112 O.S.2011, § 1038

¶14 The first question we face is whether, in termination cases, Title 10A's provisions concerning vacatur supplement or fully supplant those found in Title 12. We hold that Title 10A's provisions are supplementary and do not override the vacatur provisions allowed by Title 12. Although a specific law will generally apply over more general provisions, the maxim does not apply in situations where the laws are not in direct conflict. Assessments for Tax Year 2012 of Certain Properties Owned by Throneberry v. Wright, 2021 OK 7481 P.3d 883

¶15 Nor do we find the sort of "irreconcilable conflict" required to "accomplish[] a repeal by implication." City of Sand Springs v. Dep't of Pub. Welfare, 1980 OK 36608 P.2d 1139Matter of Meekins, 1976 OK CIV APP 32554 P.2d 872Cf. In re H.R.T., 2013 OK CIV APP 114362 P.3d 666 (analyzing a motion to vacate an order terminating parental rights "under 12 O.S.2011 § 1031.1

The Unavoidability of the Casualty

¶16 The conclusion of the prior section does not end our inquiry, however. The trial court did not simply dismiss Ms. Burk's petition as untimely but proceeded to hear evidence and deny the request on its merits, finding the casualty in question was "avoidable." With this conclusion, we agree.

¶17 It is critical to frame the issue before us properly. As Ms. Burk argued below, and insists on appeal, it was her inability to log in and appear the morning of pretrial that constituted the relevant unavoidable casualty. This framing misconstrues the statute in question and unnecessarily limits the court's discretion. The issue is not limited to whether an unavoidable casualty caused an inability to appear but includes whether the casualty caused the adverse judgment. Lindsey v. Goodman, 1916 OK 487157 P. 344Sabin v. Sunset Gardens Co., 1938 OK 57485 P.2d 294 In terms of this case, the question is not whether Ms. Burk's internet connection issues were unavoidable, a fact we need not question here,

¶18 The testimony at the hearing suggests the judgment could have been prevented had Ms. Burk acted with any diligence whatsoever after she missed the pretrial hearing. Ms. Burk testified that she had received a message from her DHS contact the day of the hearing or the day after, asking her to contact him regarding what had occurred, but that she "didn't see any reason to communicate with him further." On cross-examination, the state elicited that Ms. Burk had not attempted to attend in person or to call her counsel, her DHS worker, or the court on the day of the pretrial or at any time in the following few days. Instead, Ms. Burk waited more than two months before informing the court that she had been prevented from appearing. And the order actually terminating Ms. Burk's rights was held in abeyance until the morning of the previously-scheduled trial, in the event Ms. Burk actually appeared to contest the termination. She again failed to appear. Where a judgment is caused not by the alleged unavoidable casualty itself, but by a litigant's failure to act with diligence in response to that alleged casualty, it is within the trial court's discretion to deny a request to vacate.

Due Process Argument

¶19 Ms. Burk also argues that, even if her failure to personally appear at the hearing constituted "consent" to termination, the law still requires a "meaningful hearing" of the matter, and the court failed to provide her with due process because it conducted an inadequate hearing.

¶20 Ms. Burk is correct that the law does not create or recognize a "default" termination.In re H.M.W., 2013 OK 44304 P.3d 738Id. ¶ 6.

¶21 In In re H.R.T., 2013 OK CIV APP 114362 P.3d 666In re H.R.T. and the situation here, however. The court's order in In re H.R.T. relied entirely on the failure to appear at the pretrial hearing as the basis for termination. The court heard no testimony and made no findings as to grounds for termination or "best interests," beyond the failure to appear. The court also issued its termination order immediately after the pretrial hearing, denying parents any further opportunity to appear at trial or explain their absence. The situation in another case relied on by Ms. Burk, In re A.T., is similar. In re A.T., 2011 OK CIV APP 81262 P.3d 386

¶22 The situation here is quite different from these cases. The court heard evidence at the pretrial hearing and did not immediately issue an order of termination. Instead, as noted above, the court delayed issuing its order until after the trial date to give Ms. Burk an opportunity to appear. The court used the correct form of order, stated the grounds for termination, which were the same grounds alleged in the petition, and made a best-interest finding. These findings, if supported by the evidence, are sufficient to show that the state met its burden.

¶23 Ms. Burk argues, however, that the court's examination of the state's witness at the pretrial, which lasts for some four pages of the relevant transcript, was inadequate evidence to meet the statutory or constitutional requirements for termination. Ms. Burk cites In re E.D.J., 2015 OK CIV APP 41348 P.3d 1098

This decision appears to be based on a brief statement or representation by State's counsel, and it cannot be determined from the record available what evidence the court based the ruling upon, since there were no exhibits or testimony in the record showing the State met its burden by clear and convincing evidence.

¶24 Again, this is not the situation here. The state's witness was examined, and the court's order on the motion to vacate shows how its findings were based on both this examination and the court file, with which the court was familiar, and which substantiates the court's conclusion that the termination was proper. Further, Ms. Burk's counsel was present at the hearing and declined to ask any questions whatsoever of the state's witness, present any contrary witness, or present any argument against termination.

¶25 AFFIRMED.

WISEMAN, P.J., and RAPP, J., concur.

FOOTNOTES

12 O.S.2011, § 1033Yeagley v. Brewer, 1976 OK CIV APP 30551 P.2d 312

See In re J.C., 2010 OK CIV APP 138244 P.3d 793

In re H.R.T. does not appear to dispute this principle but notes that the parents' 12 O.S. § 1031.1