2006 OK CIV APP 40

**In the Matter of the STATE of Oklahoma in the Interest of K.W. and K.L., Deprived Children.**

**Jamie Wagoner, Appellant,**

v.

**State of Oklahoma, Appellee.**

**No. 102,087.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Feb. 16, 2006.

Jeffrey S. Landgraf, Little, Little, Little, Windel, Coppedge, Oliver & Gallagher, P.L.L.C., Madill, OK, for Appellant.

Paulé Thrift Haggerty, Assistant District Attorney, Madill, OK, for Appellee.

Opinion by LARRY JOPLIN, Judge.

¶1 Appellant Jamie Wagoner, natural mother (Mother) of K.W. and K.L., previously adjudicated as deprived children (Children), seeks review of the trial court's order terminating her parental rights. In this appeal, Mother complains of error by the trial court in terminating her parental rights: (1) without trial by jury as she demanded; (2) without adequate notice of trial on the merits or the consequences of her failure to correct the conditions leading to the deprived adjudication; (3) on insufficient proof of any grounds for termination; (4) by order not specifying the grounds for termination as required by statute.

¶2 On April 8, 2003, Mother appeared with counsel, and stipulated to the adjudication of Children as deprived. On July 11, 2003, the trial court directed Mother to abide by the terms of an individualized service plan in order to correct the conditions leading to the Children's deprived adjudication.

¶ 3 On October 28, 2004, State filed its petition seeking termination of Mother's parental rights on allegations of Mother's failure to maintain a relationship with Children, Mother's failure to correct conditions, Mother's failure to pay support as ordered, Mother's chronic use of drugs and/or alcohol, and placement of Children in foster care for fifteen of the last twenty-two months. See, 10 O.S. § 7006–1.1(A)(2), (5), (7), (14), (15). Mother demanded jury trial.

¶ 4 At 9:00 a.m. on the date set for jury trial, counsel for State, Children and Mother appeared, but Mother did not. State requested that "[M]other be held in default and after establishing a prima facie case the Court enter an Order terminating her parental rights to both [C]hildren."

¶ 5 The trial court conducted a hearing in chambers without a jury and permitted State to present evidence in support of the petition to terminate. State presented testimony demonstrating cause for termination of Mother's parental rights on the grounds alleged in the petition.[1] On the record, the trial court consequently terminated Mother's parental rights.

¶ 6 Within minutes following the trial court's pronouncement, however, Mother personally appeared. When Mother offered no explanation for her tardy arrival, the trial court informed Mother her parental rights had been terminated,[2] advised her of her right to appeal and subsequently appointed appellate counsel for her.

¶ 7 In her first proposition, Mother complains the trial court erred in denying her trial by jury as she demanded. Mother argues her fundamental, constitutionally protected parental rights cannot be terminated without according her all safeguards, including trial by jury as demanded; she cannot be deprived of her right to jury trial absent her express and voluntary waiver of that right; and her tardy arrival does not constitute such an express waiver of the right to jury trial. We agree with Mother on all counts.[3]

¶ 8 "[P]arental rights are too precious to be terminated without the full panoply of protections afforded by the Oklahoma Constitution," particularly including the right to trial by jury assured by Okl. Const., art. 2, § 19. A.E. v. State, 1987 OK 76, ¶ 22, 743 P.2d 1041, 1048. Accord, In the Matter of T.C., 2004 OK CIV APP 65, ¶ 7, 96 P.3d 811, 813–814; In the Matter of J.T., 1998 OK CIV APP 131, ¶¶ 14, 16, 965 P.2d 1007, 1010, 1011. In termination cases, where the right to trial by jury has been asserted, a jury trial cannot be denied absent an express, voluntary waiver. A.E., 1987 OK 76, ¶ 22, 743 P.2d at 1048; 12 O.S. § 591. Accord, In the Matter of S.B., 2000 OK CIV APP 11, ¶ 6, 996 P.2d 493, 494; In the Matter of N.P. and R.M., 1999 OK CIV APP 8, ¶¶ 3, 4, 974 P.2d 187, 188; Matter of J.T., 1998 OK CIV APP 131, ¶ 16, 965 P.2d at 1011.

¶ 9 Further, where the right to jury trial has been asserted, a parent's silence or

1. State called one witness, the caseworker, who testified: Mother denied drug or alcohol abuse, but tested positive on one random drug test, and refused other requests to submit to random tests; Mother failed to obtain and maintain a stable, permanent residence for herself or Children; Mother failed to obtain substantially all of the recommended treatment or training necessary to correct the conditions leading to Children's deprived adjudication; Mother failed to support Children as ordered; and Mother failed to maintain a relationship with Children by regular and frequent visitation.

2. The transcript reflects the following exchange between the trial court and Mother:

THE COURT: .... Ms. Wagoner, you just showed up in my court. The hearing was set at 9:00 o'clock. Where were you?
MS. WAGONER: I was on my way.
THE COURT: You were on your way?
MS. WAGONER: Uh-huh.
THE COURT: Well, your parental rights have just been terminated. I'm sorry, you weren't here, but you've failed to comply with the terms and conditions of the Court's Orders. The fact that you were *20 minutes late* would indicate to me that it's still in the best interest of your children to terminate your parental rights. [Trial counsel] will remain your attorney until appeal time has run. If you wish to appeal you can perfect an appeal, but as far as I'm concerned .... your parental rights are terminated, ma'am, forthwith ....
(Emphasis added.)

3. Inasmuch as we find this proposition dispositive of the appeal, we need not address Mother's remaining propositions of error challenging adequacy of notice, sufficiency of the evidence and sufficiency of the order.

failure to appear at the time of trial does not constitute a waiver, particularly where the absent party is represented by counsel and counsel appears for trial. *Matter of S. B.,* 2000 OK CIV APP 11, ¶ 6, 996 P.2d at 494 [4]; *Matter of N.P.,* 1999 OK CIV APP 8, ¶ 3, 974 P.2d at 188 [5]; *Matter of J.T.,* 1998 OK CIV APP 131, ¶ 16, 965 P.2d at 1011.[6] So, where the trial court terminates parental rights in a non-jury proceeding (1) despite a demand for jury trial and (2) absent a voluntary, express waiver of the right to trial by jury, the judgment should be vacated, and the cause remanded for new trial. *Matter of S. B.,* 2000 OK CIV APP 11, ¶ 6, 996 P.2d at 494; *Matter of J.T.,* 1998 OK CIV APP 131, ¶ 18, 965 P.2d at 1011.

¶ 10 In the present case, Mother asserted her right to trial by jury early in the proceedings. The record reflects no voluntary, express waiver by Mother of her demanded right to jury trial. Mother's appearance for trial some *twenty minutes late* does not constitute a waiver of her right to trial by jury, particularly where, as here, her appointed counsel appeared for trial. The trial court's judgment, entered on evidence adduced during the non-jury proceeding in Mother's (temporary) absence, should be vacated, and the cause remanded for new trial by jury.

¶ 11 The order of the trial court is therefore REVERSED, and the cause REMANDED for new trial.

BELL, P.J., and HANSEN, J., concur.

---

**4.** "[T]he failure to appear personally does not constitute a waiver where the party's attorney appears."

**5.** "The trial court['s] ... conclusion that a failure of a litigant to appear in person for trial, where the litigant is represented by counsel who is present, amounts to a waiver of jury trial ... is contrary to [the express provisions of] 12 O.S. 1991 § 591...." .

**6.** "The statute does not permit a trial court to hold the right to a jury trial to be 'deemed waived' as a result of pre-trial 'silence' of a party in demanding their constitutional right."