2013 OK 44

**In the MATTER OF H.M.W. and K.D.W., Deprived Children,**

**Adam West, Appellant,**

v.

**State of Oklahoma, Appellee.**

**No. 110,066.**

Supreme Court of Oklahoma.

June 25, 2013.

Sherry J. Neal, Oklahoma City, Oklahoma, for Appellant.

Valerie L. Baker, Assistant District Attorney, Oklahoma County, Oklahoma City, Oklahoma, for Appellee.

REIF, V.C.J.:

¶ 1 This case concerns the termination of the parental rights of an imprisoned father without a jury trial. Adam West was in prison at the time his children, H.M.W. and K.D.W., were removed from their mother and adjudicated deprived. The case was subject to the Oklahoma and Federal Indian Child Welfare Acts based on the children's eligibility for membership in the Cherokee Nation. The Cherokee Nation entered an appearance and participated in the proceedings. After mother relinquished her rights,

the State sought to terminate Mr. West's parental rights, contending that the length of time remaining on Mr. West's sentence was detrimental to continuing the parent/child relationship. When Mr. West refused a writ of habeas corpus to attend the jury trial set for June 7, 2011, the trial court proceeded to terminate Mr. West's parental rights without a jury trial. The trial court did so despite a request by Mr. West's counsel for a jury trial *in absentia*. The Cherokee Nation did not object to this action by the trial court.

¶ 2 The trial court concluded that Mr. West's failure to appear after the means to attend had been provided, supported termination by default without the need for a jury trial. The trial court did hear testimony from the Department of Human Services case worker and the Cherokee Nation representative, both of whom recommended termination. The Court of Civil Appeals upheld the termination without a jury trial, but ruled Mr. West's failure to appear constituted consent to termination as provided in 10A O.S.Supp.2009, § 1-4-905(A)(5) (now 10A O.S.2011, § 1-4-905(A)(5)). Upon review, we find that § 1-4-905(A)(5) does apply, but conclude that Mr. West was entitled to a jury trial *in absentia* as provided in this statute.

¶ 3 Prior to the date of trial, Mr. West was served with summons containing the notice prescribed by § 1-4-905(A)(2). This notice states that a parent's failure to appear at the proceeding set forth in the notice "constitutes consent to the termination of your parental rights." However, this notice does not indicate that termination will automatically result in the event a parent fails to appear. The statutory notice simply advises that the parent who fails to appear "**may** lose all legal rights." The "consent to termination" that arises from failure to appear is more like a stipulation that a ground exists to support termination, as opposed to being the complete relinquishment of parental rights that the Court of Civil Appeals found it to be.

¶ 4 More importantly, § 1-4-905 is not the only statute to address the failure of a parent to appear at a previously set jury trial. The Legislature has also provided that "A party who requests a jury trial and fails to appear for such trial, after proper notice and without good cause, may be deemed by the court to have waived the right to be present at such trial." 10A O.S.2011, § 1-4-502(2). This statute also directs, in pertinent part, that "a jury trial shall be granted unless waived."

¶ 5 Further Legislative intent to provide jury trial even in cases where a parent does not personally appear is found in 10A O.S.2011, § 1-4-503(A)(4). This statute permits any proceeding held pursuant to the Oklahoma Children's Code to be conducted via teleconference communications. In such cases, the attorney representing the absent party must personally appear at the hearing. Clearly, the Legislature favors the decision of termination cases by jury trial, even in cases where the affected parent does not personally appear.

¶ 6 In upholding the trial of this matter without a jury, the Court of Civil Appeals focused on the fact that Mr. West had not expressly instructed his attorney to proceed *in absentia*, as well as his lack of communication to assist counsel in the trial of the case. However, such express instruction and communication are not required to preserve a parent's right to have a jury determine whether the State has met its burden of proof on critical issues other than grounds for termination. For example, 10A O.S.2011, § 1-4-904(A)(2) requires a showing that termination is in the best interests of the child or children, and this must be proven by clear and convincing evidence. *In the Matter of S.B.C.*, 2002 OK 83, ¶ 6, 64 P.3d 1080, 1082. Also, in cases under the State and Federal Indian Child Welfare Acts, the State must prove beyond a reasonable doubt that continued custody by the parent is likely to result in serious emotional or physical damage to the child. *In re T.L.*, 2003 OK CIV APP 49, ¶ 12, 71 P.3d 43, 44. These evidentiary requirements alone militate against termination based on default or implied consent, and favor liberal application of the statutory policy that "a jury trial shall be granted unless waived."

¶ 7 Although clearly detrimental to his own interests, Mr. West's conduct did not constitute a waiver of jury trial nor an objection to jury trial *in absentia*. Rather than dispense with a jury trial altogether, the trial

court should have "deemed [Mr. West] to have waived the right to be present at [the jury] trial" as provided in § 1–4–502(2). This was the course that Mr. West's counsel timely requested on his behalf.

¶ 8 The case at hand is strikingly similar to *In the Matter of K.W. and K.L.*, 2006 OK CIV APP 40, 134 P.3d 911. In this case, the mother failed to appear for a jury trial on the State's petition to terminate her parental rights. *Id.* ¶ 4, 134 P.3d at 912. Her court appointed counsel did appear. *Id.* The trial court conducted a hearing in chambers without a jury and permitted the State to present evidence in support of the petition to terminate. *Id.* ¶ 5, 134 P.3d at 912. On the record, the trial court consequently terminated mother's parental rights. *Id.*

¶ 9 On appeal, mother argued, inter alia, that (1) the trial court erred in denying her a jury trial, (2) she could not be deprived of her right to jury trial absent her express and voluntary waiver of that right, and (3) her absence due to late arrival did not constitute an express waiver. *Id.* ¶ 7, 134 P.3d at 912. The Court of Civil Appeals agreed with mother on all counts. *Id.*

¶ 10 Relying primarily on *A.E. v. State*, 1987 OK 76, 743 P.2d 1041, the Court of Civil Appeals observed that parental rights are too precious to be terminated without the full panoply of protections afforded by the Oklahoma Constitution, including the right to trial by jury assured by Article 2, Section 19 of the Oklahoma Constitution. *Id.* ¶ 8, 134 P.3d at 912. The Court further observed that an asserted right to jury trial in a termination case cannot be denied absent an express voluntary waiver. *Id.* Failure to appear at the time of trial does not constitute a waiver, particularly where the absent party is represented by counsel and counsel appears for trial. *Id.* ¶ 9, 134 P.3d at 913.

¶ 11 The Court of Civil Appeals vacated the termination of mother's parental rights because it was entered in the non-jury proceeding in disregard of a demand for jury trial and without a voluntary, express waiver of the right to jury trial. *Id.* ¶¶ 9–10, 134 P.3d at 913. The court remanded the case for new trial. *Id.* ¶ 10, 134 P.3d at 913.

¶ 12 We cite approvingly the foregoing Court of Civil Appeals opinion in deciding the case at hand, because it sets forth the law by which to review the trial court's decision to terminate Mr. West's parental rights without a jury trial. In doing so, we are cognizant that this Court has looked beyond the general due process complaint argued by Mr. West on appeal and on certiorari. We have done so for two important reasons.

¶ 13 First, a violation of the right to jury trial not only implicates due process, but presents a fundamental constitutional issue that is reviewable de novo. *Fields v. Saunders*, 2012 OK 17, ¶ 13, 278 P.3d 577, 582 (citation omitted). Second, courts have a duty to enforce strict observance of the constitutional and statutory provisions designed to preserve inviolate the right to and purity of jury trial. *Id.* ¶ 10, 278 P.3d at 581 (citation omitted). Legislation like 10A O.S.2011, § 1–4–905(A)(5) that could be read to limit the right to jury trial must be construed strictly, resolving all doubt in favor of the right. *See A.E. v. State*, 1987 OK 76, ¶ 22, 743 P.2d at 1048. Oklahoma law recognizes that a surrender of the right to jury trial can occur only by voluntary consent or waiver; it cannot be abrogated arbitrarily by a court. *Id.*

¶ 14 In conclusion, we hold that the trial court erred in terminating Mr. West's parental rights without a jury trial, and the Court of Civil Appeals likewise erred in affirming that judgment. Accordingly, we vacate the opinion of the Court of Civil Appeals, reverse the trial court's judgment terminating Mr. West's parental rights and remand for a new trial.

**CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF CIVIL APPEALS VACATED; JUDGMENT OF THE TRIAL COURT REVERSED AND THIS CASE IS REMANDED FOR NEW TRIAL.**

¶ 15 COLBERT, C.J., REIF, V.C.J., KAUGER, WATT, WINCHESTER, EDMONDSON, COMBS, and GURICH, JJ., concur.

¶ 16 TAYLOR, J., dissents.