IN THE MATTER OF IW



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:IN THE MATTER OF IW

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 IN THE MATTER OF IW
2018 OK CIV APP 6
419 P.3d 362
Case Number: 115997
Decided: 12/29/2017
Mandate Issued: 01/24/2018
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2018 OK CIV APP 6, 419 P.3d 362

 

IN THE MATTER OF IW, MM, Jr., And NK, Adjudicated Deprived Juveniles,

MICHAEL LANCE McAFEE, Appellant,
v.
STATE OF OKLAHOMA, Appellee.

APPEAL FROM THE DISTRICT COURT OF
POTTAWATOMIE COUNTY, OKLAHOMA

HONORABLE DAWSON R. ENGLE, TRIAL JUDGE

REVERSED

W. S. Haselwood, HASELWOOD & WEBB, Shawnee, Oklahoma, for Appellant

Richard Smotherman, DISTRICT 23 DISTRICT ATTORNEY, Rebecca Bauer, ASSISTANT DISTRICT ATTORNEY, Shawnee, Oklahoma, for Appellee

JERRY L. GOODMAN, JUDGE:

¶1 Michael Lance McAfee (Father) appeals an April 6, 2017, order terminating his parental rights to his minor children, IW, MM, Jr., and NK. Based upon our review of the record and applicable law, we reverse the order under review.

BACKGROUND

¶2 The minor children, who are of Indian descent, were removed from the biological mother's home in October of 2012 due to alcohol abuse.[1] Father, who resides in Kansas, stipulated to a deprived petition for failure to protect in December of 2012.

¶3 An individualized service plan (ISP) was adopted on January 9, 2013, requiring Father to complete a family functional assessment, complete a domestic violence inventory, visit the minor children, provide the Department of Human Services (DHS) a list of appropriate caregivers for the minor children, sign releases, and contact the caseworker at least monthly.

¶4 After Father made significant progress on his ISP, DHS recommended trial reunification. In May of 2015, the minor children were placed with Father in Kansas. However, in October of 2015, reunification was terminated after Father spanked MM, leaving significant bruising. Father was charged with domestic battery, ultimately pleading no contest.

¶5 State filed a motion to terminate Father's parental rights on September 16, 2016, pursuant to 10A O.S.2011, § 1-4-904(B)(5), alleging Father had failed to correct the conditions which led to the minor children's deprived status. A jury trial was held on March 20-21, 2017. At the conclusion of the trial, the jury found the allegations of the petition to terminate Father's parental rights were true and that termination was in the best interests of the minor children. The trial court subsequently entered an order terminating Father's parental rights. Father appeals.

STANDARD OF REVIEW

¶6 As a general rule, before parental rights may be severed, State must prove its case by clear-and-convincing evidence. In re S.B.C., 2002 OK 83, ¶ 5, 64 P.3d 1080, 1082. "Clear and convincing evidence" is defined as "that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegation sought to be established." In re C.G., 1981 OK 131, ¶17 fn.12, 637 P.2d 66, 71 fn.12. Where an Indian child is involved, as in the present case, however, "the proceedings must comply with the provisions of both the federal ICWA, 25 U.S.C.A. 1901 through 25 U.S.C.A. 1963, and its Oklahoma counterpart, the Oklahoma ICWA, 10 O.S. 40 through 10 O.S. 40.9, In re T.L., 2003 OK CIV APP 49, ¶ 11, 71 P.3d 43, 46 (cited with approval in In re HMW, 2013 OK 44, ¶ 6, 304, P.3d 738, 740). "[I]n cases under the State and Federal Indian Child Welfare Acts, the State must prove beyond a reasonable doubt that continued custody by the parent is likely to result in serious emotional or physical damage to the child." In re HMW, 2013 OK 44, at ¶ 6, 304 P.3d at 740.

¶7 Pursuant to the federal ICWA:

No termination of parental rights may be ordered in such proceeding in the absence of a determination, supported by evidence beyond a reasonable doubt, including testimony of qualified expert witnesses, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child.

25 U.S.C.A. § 1912(f).

¶8 Appellate review of the evidence is thus directed toward assuring the evidence adduced by State, if believed, would support a conclusion by any rational trier of the facts that State's evidence demonstrated beyond a reasonable doubt that continued custody by Father would result in serious damage "to [the children]." T.L., 2003 OK CIV APP 49, at ¶ 12, 71 P.3d at 47. However, the "beyond a reasonable doubt" standard only applies to the factual determination required by 25 U.S.C.A. § 1912(f) to be made in ICWA termination cases, i.e., "that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child," whereas the lesser standard of "clear and convincing" evidence, the state-law mandated burden of proof, is applicable to all other state law requirements for termination. In re Adoption of R.L.A., 2006 OK CIV APP 138, 147 P.3d 306; In re J.S., 2008 OK CIV APP 15, ¶ 4, 177 P.3d 590 (agreed with in In re Adoption of G.D.J., 2011 OK 77, ¶ 37 fn.25, 261 P.3d 1159, 1169 fn.25).

ANALYSIS

¶9 On appeal, Father contends State failed to introduce testimony from a qualified expert witness as required under the Indian Child Welfare Act (ICWA). Father asserts State's witness, Timothy Oliver with the Kickapoo Tribe of Kansas, was unqualified because he was the social worker regularly assigned to the case, citing 25 C.F.R. § 23-122.

¶10 Title 25 U.S.C.A. § 1912(f) requires State to present the testimony of a qualified expert witness. The record provides Oliver is employed by the Kickapoo Tribe of Kansas as the social services director. He is an elder in the Kickapoo Tribe of Kansas and can speak to the customs and practices of the tribe. He is a licensed social worker in the State of Kansas. Oliver testified he was not the primary caseworker for this case.

¶11 We find no error by the trial court's decision finding Oliver was qualified as an expert for purposes of the ICWA.

¶12 Father further contends State did not establish beyond a reasonable doubt with expert testimony that continued custody of the minor children by Father would result in serious emotional or physical damage, as required by § 1912(f). Father asserts Oliver only vaguely testified to physical or emotional harm to the minor children. State disagrees, asserting Oliver's testimony along with the child welfare worker's testimony, sufficiently established State's burden of proof.

¶13 Title 25 U.S.C.A. § 1912(f) provides:

No termination of parental rights may be ordered in such proceedings in the absence of a determination supported by evidence beyond a reasonable doubt, including testimony of qualified expert witnesses, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child.

The Guidelines for the Bureau of Indian Affairs provides: "the evidence must show the existence of particular conditions in the home that are likely to result in serious emotional or physical damage to the particular child who is the subject of the proceeding," and "the causal relationship between the conditions that exist and the damage that is likely to result." See Bureau of Indian Affairs, Guidelines for State Courts; Indian Child Custody Proceedings, D.3(c), 44 Fed. Reg. 67584, 67593 (November, 26, 1979) (BIA Guideline D.3 [c]). This evidence must include expert witness testimony. See 25 U.S.C.A. § 1912(f).

¶14 With respect to IW, Oliver testified that he "think[s] she would" suffer serious emotional or physical damage if returned to Father. Regarding MM, Oliver merely stated he was very concerned about him and that he's scared, particularly about these proceedings. Oliver never affirmatively testified that MM would suffer serious emotional or physical harm if returned to Father. With respect to NK, Oliver stated "I'm really unsure on that one. ... I really am. I'm just really unsure." Finally, on cross examination, Oliver acknowledged that he had not been in the home in two years so he could not really say whether the children would suffer serious emotional or physical damage if returned to Father.

¶15 Angela Dockrey, a permanency planning worker with DHS, testified she did not believe the minor children could be returned to Father's home safely. She stated the children had a strained relationship with Father. In addition, she believed Father did not know how to handle MM's behavioral issues or know how to discipline him appropriately.

¶16 We find State failed to present evidence through the testimony of a qualified expert affirmatively showing beyond a reasonable doubt that the continued custody of the minor children by Father was likely to result in serious emotional or physical damage to the children, a showing required by § 1912(f). The Court recognizes that "ICWA does not require that the experts' testimony provide the sole basis for the court's conclusion that continued custody will likely result in serious emotional or physical damage; ICWA simply requires that the testimony support that conclusion." Brenda O. v. Arizona Dep't of Econ. Sec., 244 P.3d 574, 579 (Ariz. Ct. App. 2010) (quoting E.A. v. State Div. of Family & Youth Servs., 46 P.3d 986, 992 (Alaska 2002)). The testimony of the qualified expert witness constitutes some of the evidence on which a decision regarding the likelihood of damage should be made. See Marcia V v. State of Alaska, 201 P.3 d 496, 508 (Alaska 2009). The expert testimony need not be the sole basis for finding that the continued custody of the child by the parent is likely to result in serious emotional or physical damage, but the expert's testimony must support that finding. Id. (Emphasis added). We agree.

¶17 We emphasize that State in this case must meet a heightened burden of proof beyond a reasonable doubt. Although Father's assault on MM is very serious, there is a total lack of expert witness testimony to support a conclusion beyond a reasonable doubt that continued custody of the minor children by Father is likely to result in serious emotional or physical damage. Testimony as to possibilities such as "think[s]" or "I'm really unsure" does not rise to the required level of probability.

¶18 Accordingly, State failed to present evidence through the testimony of a qualified expert affirmatively showing beyond a reasonable doubt that the continued custody of the minor children by Father is likely to result in serious emotional or physical damage to the children, a showing required by 25 U.S.C.A. § 1912(f). Because State did not meet its burden of proof imposed by ICWA, the order terminating the parental rights of Father must be reversed.

¶19 REVERSED.

FISCHER, P.J., concurs, and RAPP, J., concurs specially.

RAPP, J., concurring specially:

The reversal in this case does not necessarily require that the deprived children's case should be dismissed or that Father should have custody of the Children.

FOOTNOTES

[1] The biological mother is not a party to this appeal.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2003 OK CIV APP 49, 71 P.3d 43, IN THE MATTER OF T.L.
Discussed at Length
 2006 OK CIV APP 138, 147 P.3d 306, IN THE MATTER OF THE ADOPTION OF R.L.A.
Discussed
 2008 OK CIV APP 15, 177 P.3d 590, IN THE MATTER OF J.S.
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 2002 OK 83, 64 P.3d 1080, IN THE MATTER OF S.B.C.
Discussed
 2011 OK 77, 261 P.3d 1159, IN THE MATTER OF THE ADOPTION OF G.D.J.
Discussed
 2013 OK 44, 304 P.3d 738, IN THE MATTER OF H.M.W.
Discussed
 1981 OK 131, 637 P.2d 66, C. G., Matter of
Discussed


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA