OSCN Found Document:IN THE MATTER OF J.B.

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 IN THE MATTER OF J.B.
2024 OK CIV APP 22
Case Number: 122034
Decided: 08/30/2024
Mandate Issued: 09/26/2024
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV

Cite as: 2024 OK CIV APP 22, __ P.3d __

 
IN THE MATTER OF J.B., J.B., J.B., Alleged Deprived Children:
SAMANTHA DEMARO Appellant,
v.
STATE OF OKLAHOMA, ex rel., DEPARTMENT OF HUMAN SERVICES, Appellee.
APPEAL FROM THE DISTRICT COURT OF
MAYES COUNTY, OKLAHOMA
HONORABLE REBECCA J. GORE, TRIAL JUDGE
REVERSED AND REMANDED
Lisa Bohannan, BOHANNAN LAW OFFICE, Pryor, Oklahoma, for Appellant
Kyle Everett Long, ASSISTANT DISTRICT ATTORNEY, Pryor, Oklahoma, for Appellee
GREGORY C. BLACKWELL, JUDGE:
¶1 This appeal arises out of the non-jury trial termination of the parental rights of the appellant, Samantha DeMaro, to her three minor children. Upon review, we find that the court improperly proceeded to a non-jury trial despite Ms. DeMaro's demand for a trial by jury. We therefore reverse and remand for further proceedings.
¶2 The relevant background is quite brief. In January 2021, the minor children at issue were placed in emergency state custody. Ms. DeMaro stipulated to a deprived petition in April 2021 and began working an individualized service plan. In October 2022, the state filed a motion to terminate Ms. DeMaro's parental rights as to all three children based on time in custody. See 10A O.S. §§ 1-4-904(B)(16)-(17). Ms. DeMaro filed an objection to the motion to terminate and made a demand for jury trial.[1] The court entered a scheduling order.
¶3 A jury trial was initially set for January 19, 2023, but it did not occur on that date. Ms. DeMaro continued to work her service plan and various hearings took place. These included statutorily required review and permanency hearings, hearings on motions, and jury trial "reviews."[2] R. 169-177. Ms. DeMaro was present for all these hearings.
¶4 In many of the minute orders setting these hearings, the court noted that the motion to terminate parental rights was pending and purportedly set the hearing for that purpose. As specifically relevant here, on October 24, 2023, a court minute notes: "Case comes on for permanency review and for motion to terminate mother's parental rights. Court continues case to 12-19-2023 at 9:30 a.m. and parties are ordered to reappear at that time." R. 141 (capitalization modified). On December 5, 2023, there was apparently another brief hearing. A court minute of that day notes: "Case set for hearing on termination of trial reunification with mother on 12-19-2023 at 9:30 a.m. and parties are ordered to reappear at that time." Beyond the court minute noted above, nothing in the record suggests a jury trial on the motion to terminate parental rights was actually set to occur on December 19, 2023.
¶5 Ms. DeMaro failed to appear at the December 19, 2023, hearing. The trial court found that the failure appear was "deemed as consent to the motion to terminate parental rights," R. 144 and Tr. (12/19/2023) at 35, but nevertheless proceeded to a bench trial on termination in the mother's absence. The state called two witnesses. Ms. DeMaro's counsel called none but did object to proceeding to termination in Ms. DeMaro's absence. Tr. (12/19/2023) at 37. The court found that the state had met its burden and terminated Ms. DeMaro's parental rights, and Ms. DeMaro appeals. We review the issue of waiver of the right to jury trial for abuse of discretion. Matter of J.L.O., IV, 2018 OK 77, ¶ 22, 428 P.3d 881, 889.
¶6 On appeal, Ms. DeMaro argues that her parental rights could not have been terminated at a bench trial absent any indication in the record that she waived her previously announced election for a jury trial, other than her failure to appear at the December 19 hearing. Brief-in-chief, pgs. 26-28. For the following reasons, we agree.[3]

¶7Section 1-4-502 of the Children's Code sets forth the circumstances warranting a jury trial in a termination case. In relevant part, it states:
A party who requests a jury trial and fails to appear in person for such trial, after proper notice and without good cause, may be deemed by the court to have waived the right to such jury trial, and the termination of parental rights shall be by nonjury trial unless another party demands a jury trial or the court determines on its own motion to try the case to a jury.
10A O.S. § 1-4-502 (emphasis added).
¶8 Here, we find that Ms. DeMaro's failure to appear for what, by all indication, was a hearing set not for jury trial but a status review and hearing on a motion to end a trial reunification was not a failure to appear for such trial within the meaning of the statute. Under the statute, only when a parent fails to appear for trial is the parent, assuming proper notice and a lack of good cause, deemed to have waived the right to trial by jury.
¶9 Upon a full review of this record, it is clear that there was no jury trial scheduled for December 19, 2023. Rather, that hearing was scheduled to address the trial reunification and for a statutorily required review. Although the trial court in its October 24, 2023, court minute noted the hearing was "for motion to terminate mother's parental rights," R. 141 (capitalization modified), nothing indicates that this was actually the case. Rather, it simply appears the trial court was noting the pending motion, not actually scheduling a jury trial. Indeed, it would make no sense to schedule a hearing concerning reunification at the same time as a previously scheduled trial on termination. If termination occurs, there would clearly be no need to address the question of reunification.
[4] As such, because Ms. DeMaro did not fail to appear for a jury trial, her failure to appear did not constitute a waiver of a jury trial as contemplated by 10A O.S. § 1-4-502(B).
¶10 Our reading of the statute, while sufficient in and of itself to resolve this case, is bolstered by precedent. Oklahoma courts have held that a parent facing the severance of the parent-child relationship has a constitutional right to a trial by jury. Matter of E.J.T., 2024 OK 14, ¶ 19, 544 P.3d 950, 958. See also A.E. v. State, 1987 OK 76, ¶ 22, 743 P.2d 1041, 1048, ("'[P]arental rights are too precious to be terminated without the full panoply of protections afforded by the Oklahoma Constitution,' particularly including the right to trial by jury assured by Okl. Const., art. 2, § 19."). In termination cases, where the right to trial by jury has been asserted, a jury trial cannot be denied absent an express, voluntary waiver. Matter of E.J.T., 2024 OK 14, ¶ 19. Any waiver must be "competently, knowingly, and intelligently given." Id. See also In re H.M.W., 2013 OK 44, ¶ 13, 304 P.3d 738, 741 (holding that "courts have a duty to enforce strict observance of the constitutional and statutory provisions designed to preserve inviolate the right to and purity of jury trial ..." and "cit[ing] approvingly" of Matter of K.W., 2006 OK CIV APP 40, 134 P.3d 911).
¶11 In the present case, the record reflects that Ms. DeMaro made a demand for a jury trial and the record lacks any evidence suggesting she ever competently, knowingly, and intelligently waived this right. Rather, she failed to appear for a hearing at which no jury trial was scheduled. Such a failure cannot, in a termination of parental rights case, constitute a waiver of the right to jury trial.
¶12 REVERSED AND REMANDED.
HUBER, P.J., and HIXON, J., concur.
FOOTNOTES
[1] A court minute referenced on the appearance docket indicates the demand was made at a hearing on November 29, 2022. R. 169. The state does not dispute that the request was made and it also does not dispute that a request for jury trial was subsequently waived, except by failure to appear at the December 19, 2023, hearing, as discussed below.
[2] Only three hearings, March 7, 2023, May 9, 2023, and June 20, 2023, were set for "jury trial review." Subsequent hearings were set for "permanency review" or "motion to terminate parental rights," or both.
[3] Ms. DeMaro makes various other arguments in support of reversal. Because the jury trial issue is dipositive, we do not address those arguments.
[4] The appearance docket further suggests no actual trial was scheduled for December 19, 2023. When the prior, January 19, 2023, trial was scheduled, for example, the docket sheet reflects not less than seventeen subpoenas were issued. R. 258. No subpoenas were issued for the December 19, 2023, hearing.

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases

 
Cite
Name
Level

 
2006 OK CIV APP 40, 134 P.3d 911, 
IN THE MATTER OF K.W.
Discussed

Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
1987 OK 76, 743 P.2d 1041, 58 OBJ 2310, 
A.E. v. State
Discussed

 
2013 OK 44, 304 P.3d 738, 
IN THE MATTER OF H.M.W.
Discussed

 
2018 OK 77, 428 P.3d 881, 
IN THE MATTER OF J.L.O.
Discussed

 
2024 OK 14, 544 P.3d 950, 
IN THE MATTER OF E.J.T.
Discussed at Length

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA