IN THE MATTER OF J.B.
2024 OK CIV APP 22
Case Number: 122034
Decided: 08/30/2024
Mandate Issued: 09/26/2024
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV
Cite as: 2024 OK CIV APP 22, __ P.3d __

 

IN THE MATTER OF J.B., J.B., J.B., Alleged Deprived Children:

SAMANTHA DEMARO Appellant,
v.
STATE OF OKLAHOMA, ex rel., DEPARTMENT OF HUMAN SERVICES, Appellee.

APPEAL FROM THE DISTRICT COURT OF
MAYES COUNTY, OKLAHOMA

HONORABLE REBECCA J. GORE, TRIAL JUDGE

REVERSED AND REMANDED

Lisa Bohannan, BOHANNAN LAW OFFICE, Pryor, Oklahoma, for Appellant

Kyle Everett Long, ASSISTANT DISTRICT ATTORNEY, Pryor, Oklahoma, for Appellee

GREGORY C. BLACKWELL, JUDGE:

¶1 This appeal arises out of the non-jury trial termination of the parental rights of the appellant, Samantha DeMaro, to her three minor children. Upon review, we find that the court improperly proceeded to a non-jury trial despite Ms. DeMaro's demand for a trial by jury. We therefore reverse and remand for further proceedings.

¶2 The relevant background is quite brief. In January 2021, the minor children at issue were placed in emergency state custody. Ms. DeMaro stipulated to a deprived petition in April 2021 and began working an individualized service plan. In October 2022, the state filed a motion to terminate Ms. DeMaro's parental rights as to all three children based on time in custody. See 10A O.S. §§ 1-4-904(B)(16)-(17). Ms. DeMaro filed an objection to the motion to terminate and made a demand for jury trial.

¶3 A jury trial was initially set for January 19, 2023, but it did not occur on that date. Ms. DeMaro continued to work her service plan and various hearings took place. These included statutorily required review and permanency hearings, hearings on motions, and jury trial "reviews."

¶4 In many of the minute orders setting these hearings, the court noted that the motion to terminate parental rights was pending and purportedly set the hearing for that purpose. As specifically relevant here, on October 24, 2023, a court minute notes: "Case comes on for permanency review and for motion to terminate mother's parental rights. Court continues case to 12-19-2023 at 9:30 a.m. and parties are ordered to reappear at that time." R. 141 (capitalization modified). On December 5, 2023, there was apparently another brief hearing. A court minute of that day notes: "Case set for hearing on termination of trial reunification with mother on 12-19-2023 at 9:30 a.m. and parties are ordered to reappear at that time." Beyond the court minute noted above, nothing in the record suggests a jury trial on the motion to terminate parental rights was actually set to occur on December 19, 2023.

¶5 Ms. DeMaro failed to appear at the December 19, 2023, hearing. The trial court found that the failure appear was "deemed as consent to the motion to terminate parental rights," R. 144 and Tr. (12/19/2023) at 35, but nevertheless proceeded to a bench trial on termination in the mother's absence. The state called two witnesses. Ms. DeMaro's counsel called none but did object to proceeding to termination in Ms. DeMaro's absence. Tr. (12/19/2023) at 37. The court found that the state had met its burden and terminated Ms. DeMaro's parental rights, and Ms. DeMaro appeals. We review the issue of waiver of the right to jury trial for abuse of discretion. Matter of J.L.O., IV, 2018 OK 77428 P.3d 881

¶6 On appeal, Ms. DeMaro argues that her parental rights could not have been terminated at a bench trial absent any indication in the record that she waived her previously announced election for a jury trial, other than her failure to appear at the December 19 hearing. Brief-in-chief, pgs. 26-28. For the following reasons, we agree.

¶7Section 1-4-502 of the Children's Code sets forth the circumstances warranting a jury trial in a termination case. In relevant part, it states:

A party who requests a jury trial and fails to appear in person for such trial, after proper notice and without good cause, may be deemed by the court to have waived the right to such jury trial, and the termination of parental rights shall be by nonjury trial unless another party demands a jury trial or the court determines on its own motion to try the case to a jury.

10A O.S. § 1-4-502 (emphasis added).

¶8 Here, we find that Ms. DeMaro's failure to appear for what, by all indication, was a hearing set not for jury trial but a status review and hearing on a motion to end a trial reunification was not a failure to appear for such trial within the meaning of the statute. Under the statute, only when a parent fails to appear for trial is the parent, assuming proper notice and a lack of good cause, deemed to have waived the right to trial by jury.

¶9 Upon a full review of this record, it is clear that there was no jury trial scheduled for December 19, 2023. Rather, that hearing was scheduled to address the trial reunification and for a statutorily required review. Although the trial court in its October 24, 2023, court minute noted the hearing was "for motion to terminate mother's parental rights," R. 141 (capitalization modified), nothing indicates that this was actually the case. Rather, it simply appears the trial court was noting the pending motion, not actually scheduling a jury trial. Indeed, it would make no sense to schedule a hearing concerning reunification at the same time as a previously scheduled trial on termination. If termination occurs, there would clearly be no need to address the question of reunification.

¶10 Our reading of the statute, while sufficient in and of itself to resolve this case, is bolstered by precedent. Oklahoma courts have held that a parent facing the severance of the parent-child relationship has a constitutional right to a trial by jury. Matter of E.J.T., 2024 OK 14544 P.3d 950See also A.E. v. State, 1987 OK 76743 P.2d 1041Matter of E.J.T., 2024 OK 14Id. See also In re H.M.W., 2013 OK 44304 P.3d 738Matter of K.W., 2006 OK CIV APP 40134 P.3d 911

¶11 In the present case, the record reflects that Ms. DeMaro made a demand for a jury trial and the record lacks any evidence suggesting she ever competently, knowingly, and intelligently waived this right. Rather, she failed to appear for a hearing at which no jury trial was scheduled. Such a failure cannot, in a termination of parental rights case, constitute a waiver of the right to jury trial.

¶12 REVERSED AND REMANDED.

HUBER, P.J., and HIXON, J., concur.

FOOTNOTES